981 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John COLLINS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-16347.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 14, 1992.*
Decided Dec. 23, 1992.
 
 Before HUG, PREGERSON and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Collins pleaded guilty to one count of attempt to purchase and possess, with intent to distribute, twenty-five kilograms of cocaine in violation of 21 U.S.C. § 846. Collins was sentenced under the United States Sentencing Guidelines to ten years followed by five years of supervised release. Collins appeals the denial of his motion under 28 U.S.C. § 2255. We have jurisdiction pursuant to 28 U.S.C. § 2255 and we affirm.
 
 I. Background
 
 3
 In January 1988, two individuals, Darrell Spignolia and Lamaric Lassiter, were arrested on cocaine distribution charges. A telephone pager was seized from Spignolia upon his arrest. Three days after the arrest the appellant, John Collins, attempted to page Spignolia. His call was intercepted by agents of the Drug Enforcement Agency. Collins arranged to meet the agents to purchase twenty-five kilograms of cocaine for $300,000. Collins arrived as planned to exchange the money for cocaine and was arrested.
 
 
 4
 Collins was indicted on February 5, 1988 for violation of 21 U.S.C. § 843(b), the use of a communication facility in connection with a drug trafficking offense, and violation of 21 U.S.C. § 846, the attempt to purchase and possess twenty-five kilograms of cocaine with the intent to distribute.
 
 
 5
 Spignolia and Lassiter were indicted for possession with intent to distribute cocaine. Spignolia pleaded guilty in October 1988. He received a non-guideline sentence of eight years. Lassiter pleaded guilty in December 1988. He received a non-guideline sentence of thirteen years.
 
 
 6
 On October 17, 1989, Collins, represented by counsel, pleaded guilty to a violation of 21 U.S.C. § 846, attempt to purchase twenty-five kilograms of cocaine. The government agreed to dismiss the other charges.
 
 
 7
 On January 18, 1990, the district court sentenced Collins to ten years to be followed by five years of supervised release under the sentencing guidelines.
 
 
 8
 On April 11, 1990, Collins moved under 28 U.S.C. § 2255 to withdraw his guilty plea. The district court denied Collins's motion on July 23, 1991. Collins now appeals the denial of his section 2255 motion on the following grounds: (1) the district court erred by failing to hold an evidentiary hearing; (2) his sentence pursuant to the sentencing guidelines violated the equal protection clause; (3) his guilty plea was not knowing and voluntary due to ineffective assistance of counsel; and (4) the district court failed to comply with Fed.R.Crim.P. 11(c)(1) when taking his plea.
 
 II. Analysis
 
 9
 We review de novo the district court's denial of a section 2255 motion. Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990) cert. denied, 111 S.Ct. 1398 (1991).
 
 A. Pending Appellate Motions
 
 10
 Pursuant to the briefing schedule established by the clerk's office, the government's appellate brief was due January 8, 1992. The government failed to submit its brief until May 6, 1992, apparently in response to Collins's April 21, 1992 motion to strike any late filed brief by the government. We do not condone the government's failure to follow the briefing schedule. Collins, however, has not been prejudiced by the government's late submission. We therefore deny Collins's motion to strike the government's brief and grant the government's motion to file a late brief.
 
 
 11
 B. Did the district court abuse its discretion by not holding an evidentiary hearing on Collins's section 2255 motion?
 
 
 12
 Collins contends that the district court was required to hold an evidentiary hearing on his section 2255 motion. We review for abuse of discretion the district court's decision to deny an evidentiary hearing. Doganiere v. United States, 914 F.2d 165, 168 (9th Cir.1990) cert. denied, 111 S.Ct. 1398 (1991). Where, as in this case, the motion, files, and records conclusively show that a defendant is entitled to no relief, an evidentiary hearing is not necessary. United States v. Moore, 921 F.2d 207, 210 (9th Cir.1990). The district court did not abuse its discretion.
 
 
 13
 C. Did Collins's sentence violate the equal protection clause?
 
 
 14
 Collins contends that his sentence violates the equal protection clause because he was sentenced under the United States Sentencing Guidelines and Lassiter and Spignolia were not. Collins did not challenge his sentence on direct appeal. Collins also did not raise this claim in his section 2255 motion before the district court.
 
 
 15
 To obtain review of issues that could have been raised on direct appeal, Collins must show cause for his procedural default and actual prejudice resulting from the errors. United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir.1985).
 
 
 16
 Collins has made no showing of cause excusing his failure to raise this issue on direct appeal. Nor has Collins established that he suffered actual prejudice as a result of the alleged error. Indeed, Collins cannot make a showing of actual prejudice because his equal protection argument is without merit. We have held that sentencing discrepancies that might arise as a result of the sentencing guideline hiatus between our decision in Gubiensio-Ortiz v. Kanahele, 857 F.2d 1245 (9th Cir.1988) and the Supreme Court's decision in Mistretta v. United States, 488 U.S. 361 (1989) are not sources of equal protection deprivation. United States v. Kohl, 972 F.2d 294, 300 (9th Cir.1992). Moreover, "a sentencing judge is under no obligation to equalize sentences among coconspirators or codefendants." Id. There is certainly then no obligation to equalize sentences among defendants who are neither coconspirators nor codefendants.
 
 
 17
 Even if Collins had satisfied the cause and prejudice standard, because he did not include this claim in his section 2255 motion before the district court, this issue is not properly before us. Willard v. People of State of California, 812 F.2d 461, 465 (9th Cir.1987).
 
 
 18
 D. Was Collins's guilty plea unknowing and involuntary due to ineffective assistance of counsel?
 
 
 19
 Collins argues that his guilty plea was not knowing and voluntary because he received ineffective assistance of counsel. Collins did not include this claim in his motion before the district court and we therefore need not entertain it here. Willard v. People of State of California, 812 F.2d 461, 465 (9th Cir.1987).
 
 
 20
 In any event, Collins's argument is meritless. To succeed in establishing that he received ineffective assistance of counsel, Collins must not only establish that his counsel's performance was constitutionally deficient, but also demonstrate that he was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 21
 Collins argues on appeal that his counsel failed to investigate the sentences given Spignolia and Lassiter, which provide the basis for his equal protection claim. First, their sentences are irrelevant to Collins's sentence because, as discussed above, equal protection is not violated by the sentence discrepancies. Secondly, as evidenced by his counsel's argument at the sentencing hearing, Collins's counsel knew of Spignolia's and Lassiter's sentences and argued to the district court that Collins should receive a reduced sentence in line with those of Spignolia and Lassiter.
 
 
 22
 Collins has not suffered prejudice by the alleged errors committed by his counsel. Collins's claim of ineffective assistance of counsel fails.
 
 
 23
 E. Did the district court comply with the requirements of Rule 11(c)(1)?
 
 
 24
 Collins contends that the district court failed to comply with Fed.R.Crim.P. 11(c)(1) because it failed to advise him of an essential element of the crime on which he was charged. Collins also contends that the district court should have informed him that he would be sentenced under the sentencing guidelines. Collins raised neither of these claims on direct appeal. As stated above, he cannot now raise them in a section 2255 motion without establishing cause for his procedural default and actual prejudice from the alleged errors. United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir.1985).
 
 
 25
 Collins has made no showing of cause and, because both of these claims are without merit, Collins cannot establish prejudice.
 
 
 26
 At the plea hearing, the district court read the charge to Collins, obtained a statement of intended proof of the charge from the prosecutor, and determined that Collins understood the charge. We are satisfied that the district court complied with the requirements of Rule 11(c)(1). Cf. United States v. Kamer, 781 F.2d 1380, 1383-85 (9th Cir.1986) (conclusory statement by pro se defendant in complex case did not satisfy Rule 11 requirements).
 
 
 27
 The sentencing guidelines were referred to in paragraph three of the plea agreement. Specifically, the government agreed to recommend that the court depart downward from the guideline range to reflect Collins's assistance to the authorities. At the plea hearing, the court advised Collins of the maximum penalty allowed and of the possibility of receiving five years of supervised release at the end of his term. There was no additional duty on the district court to inform Collins that he would be sentenced under to the guidelines and no reasonable basis for him to have believed otherwise.[1]
 
 III. Conclusion
 
 28
 The district court's denial of Collins's section 2255 motion is AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The plea hearing took place October 17, 1989, prior to the effective date of the 1989 amendment to Rule 11(c)(1), which requires that the court advise the defendant of the applicability of the guidelines