UNITED STATES of America,
Plaintiff-Appellee,

v.

**Lavern Charles DUNHAM,**
**Defendant-Appellant.**

No. 85–3580.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 5, 1985*.

Decided Aug. 8, 1985.

court.

Malcom Logan, Anchorage, Alaska, for plaintiff-appellee.

Jeffrey L. Shrom, Missoula, Mont., for defendant-appellant.

Before WRIGHT, POOLE, and HALL, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

By this appeal defendant-appellant Lavern Charles Dunham challenges the district court's denial of his motion to vacate sentence pursuant to 28 U.S.C. § 2255. We affirm the decision of the district court.

BACKGROUND

Dunham was convicted of three counts of willfully failing to file individual income tax returns in violation of 26 U.S.C. § 7203. Dunham represented himself at trial. When he was given the opportunity to present evidence or cross-examine witnesses Dunham responded "no jurisdiction." Dunham made a closing argument on his own behalf, during which he told the jury of his belief that the IRS lacked jurisdiction to make him pay taxes involuntarily because he was a sovereign human being.

Once deliberations had begun the jury asked the district judge to "clarify what Mr. Dunham's 'no jurisdiction' refers to when mentioned by Mr. Dunham?" The recorder's transcript indicates that the district judge responded:

> Jurisdiction is primarily a matter of law, and matters of law are determined by this court. In the first instance, what the questions that the jury has posed, I am not—are addressed to legal issues. The responsibility of the jury, of course, is to determine the factual issues from the evidence, and you really ought not to be concerned with the legal issues.

Dunham claims that the district judge said "... I am not *required to answer but I will. I have jurisdiction.*" but that the recorder's transcript indicates dashes at the point where the underlined portion of the response was omitted.

Dunham asserts that he is entitled to § 2255 relief because: (1) the trial judge's

answer to the jury's question improperly directed a verdict against him on the *mens rea* element of the offense by telling the jury to disregard Dunham's repeated "no jurisdiction" statements; and (2) the discrepancy in the recorder's transcript regarding the trial judge's answer to the no jurisdiction question prejudiced his case. Dunham did not raise these errors in his direct appeal.[1]

Dunham's § 2255 claim was referred to a United States Magistrate. The district court adopted the magistrate's findings, concluding that Dunham's claims, even if believed, did not rise to the level of constitutional error necessary to sustain § 2255 relief.

DISCUSSION

■ Section 2255 is not designed to provide criminal defendants repeated opportunities to overturn their convictions on grounds which could have been raised on direct appeal. The Supreme Court has held that where a criminal defendant fails to make allegations of error at trial or on direct appeal he must demonstrate "(1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982) (relying on *Davis v. United States*, 411 U.S. 233, 236–45, 93 S.Ct. 1577, 1579–84, 36 L.Ed.2d 216 (1973)).[2] We find no actual prejudice in this case.

■ A defendant seeking § 2255 relief on the basis of a faulty jury instruction can establish actual prejudice only by demonstrating that the erroneous instruction "so infected the entire trial that the resulting conviction violates due process." *Frady*, 456 U.S. at 169, 102 S.Ct. at 1595. *See also*

*Egger v. United States*, 509 F.2d 745, 749 (9th Cir.) *cert. denied*, 423 U.S. 842, 96 S.Ct. 74, 46 L.Ed.2d 61 (1975). We hold that this is also the appropriate standard for determining actual prejudice where a defendant seeks § 2255 relief on the basis of a court's response to questions by the jury. *See Fennell v. United States*, 313 F.2d 941, 942 (10th Cir.1963) (per curiam) (§ 2255 collateral relief denied where communications between judge and jury during deliberations did not infringe on the constitutional rights of the accused).

■ Dunham's allegations, even if believed, do not rise to this level of prejudice. The district judge correctly instructed the jury on the elements of the offense, including willfulness, before the jury began deliberations. Even if the district judge misinterpreted the jury's question the district judge's response did not violate Dunham's right to due process. The response was an accurate statement of the law directing the jury away from the legal issue of jurisdiction. The response did not mention willfulness or any other elements of the offense charged. The jury was given no indication that it was to disregard the previous instructions.

■ Dunham's attempt to establish actual prejudice through the alleged omission from the transcript is equally unavailing. The omission, assuming that it occurred, did not interfere with the fairness of Dunham's trial or his ability to raise issues on appeal.

We conclude that Dunham has failed to establish the actual prejudice necessary to obtain § 2255 collateral relief.

AFFIRMED.

---

1. Dunham also argues that he is entitled to § 2255 relief because the district court erred by taking judicial notice of the existence of jurisdiction without instructing the jury on judicial notice as required by Fed.R.Evid. 201(g), and that this court should consider arguments raised in a previous writ of habeas corpus in determining Dunham's current § 2255 claim. We find no merit in these contentions.

2. We recognize that Dunham is guilty of only one procedural default on the second issue. The alleged transcript error could not have been discovered until after trial. We think that *Frady* provides the appropriate standard in any event. If we were to reach the cause portion of the *Frady* test in this case, we would only require Dunham to establish cause for his failure to raise the transcript issue in his direct appeal.