972 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert SMITH, Jr., Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-55603.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 10, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Smith, Jr., a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his sentence following his conviction for being a felon in possession of a firearm. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 
 
 3
 Following his conviction in July 1987, Smith was sentenced to fifteen years imprisonment under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Smith appealed his conviction, claiming that the district court erred by admitting fingerprint records at trial identifying Smith as a felon. Smith also appealed his sentence claiming error in the district court's refusal to require the government to establish the constitutional validity of his prior convictions. Smith subsequently sought voluntary dismissal of the portion of his appeal dealing with admission of the fingerprint cards. In March 1988, this court dismissed Smith's appeal of the admission of the fingerprints cards and reversed and remanded on Smith's challenge to the constitutional validity of the prior convictions used to enhance his sentence. United States v. Robert Smith, Jr., No. 87-5225 (9th Cir. March 4, 1988). On remand the district court found that Smith's prior convictions were constitutionally valid and were therefore properly used to enhance his sentence. This court affirmed the district court's findings, and denied Smith's subsequent petition for rehearing. United States v. Robert Smith, Jr., No. 88-5206 (9th Cir. July 5, 1990).
 
 
 4
 In February 1991, Smith filed the present section 2255 motion challenging his sentence on the ground that his fingerprint cards were erroneously admitted at trial. In April 1991, the district court denied this motion without holding an evidentiary hearing. Smith appeals the denial of his section 2255 motion and raises a claim of ineffective assistance of counsel for the first time on appeal.
 
 
 5
 The district court must hold an evidentiary hearing before denying a section 2255 motion unless the record conclusively shows that the defendant is not entitled to relief. 28 U.S.C. § 2255; Marrow v. United States, 772 F.2d 525, 526 (9th Cir.1985).
 
 
 6
 Section 2255 is not designed to provide criminal defendants multiple opportunities to challenge their sentences. See United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir.1985). "Once the defendant's chance to appeal has been waived or exhausted, [ ] we are entitled to presume he stands fairly and finally convicted, especially when [ ] he already has had a fair opportunity to present his federal claims to a federal forum." United States v. Frady, 456 U.S. 152, 168 (1982). If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate (1) cause excusing his procedural default, and (2) actual prejudice resulting from the claim of error. Id.; Dunham, 767 F.2d at 1397. "[A] showing that the factual or legal basis for a claim was not reasonably available" may constitute cause to excuse a procedural default. Murray v. Carrier, 477 U.S. 478, 488 (1986).
 
 
 7
 Here, Smith raised the evidentiary issue on direct appeal from his conviction. Prior to a ruling on the merits, however, the record indicates that he knowingly and voluntarily waived his right to appeal this issue. Smith presents no other facts to sustain his burden of demonstrating cause to excuse the procedural default. Accordingly, the district court did not err by denying Smith's section 2255 motion without an evidentiary hearing. See Frady, 456 U.S. at 166-68; Marrow, 772 F.2d at 526.
 
 
 8
 Finally, because Smith did not raise his claim of ineffective assistance of counsel in his section 2255 motion before the district court, we do not consider it on appeal. See Murray, 477 U.S. at 489; Willard v. California, 812 F.2d 461, 465 (9th Cir.1987).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3