977 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Franklin Joseph CAMPER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-55747.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Sept. 28, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Camper appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence imposed following his jury conviction. Camper was convicted for conspiracy in violation of 18 U.S.C. § 371, using incendiary devices during a crime of violence in violation of 18 U.S.C. § 924(c), and conducting the affairs of an enterprise through a pattern of racketeering in violation of 18 U.S.C. § 1962(c). The district court had jurisdiction pursuant to 28 U.S.C. § 2255. We also have jurisdiction over this timely appeal pursuant to section 2255. We conclude that Camper's motion should be denied because he failed, without cause, to raise his claims on direct appeal.
 
 
 3
 We review a district court's denial of a 28 U.S.C. § 2255 motion de novo. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990). Camper raised three claims in his section 2255 motion: (1) that he was denied effective assistance of counsel due to his counsel's failure to request a hearing under the Classified Information Procedures Act; (2) that the trial court lacked federal jurisdiction and that his counsel was ineffective for failing to raise this issue; and (3) that the evidence was insufficient to support his conviction under 18 U.S.C. § 924(c) and RICO, 18 U.S.C. § 1962(c). On appeal, Camper has dropped the ineffective assistance of counsel claims and raises the issues underlying those claims and the insufficiency of evidence claim.
 
 
 4
 In United States v. Frady, the Supreme Court reaffirmed the long-standing principle that "collateral challenge may not do service for an appeal." 456 U.S. 152, 165 (1982) (citations omitted). Accordingly, the Court held that in order to obtain collateral relief based on trial errors which were not objected to at trial or on direct appeal, "a convicted defendant must show both 1) 'cause' excusing his double procedural default, and 2) 'actual prejudice' resulting from the errors of which he complains. Id. at 168; accord United States v. Dunham, 767 F.2d 1395 (9th Cir.1985) ("where a criminal defendant fails to make allegations of error at trial or on direct appeal he must demonstrate" cause and prejudice). This procedural default rule exists, in part, because section 2255 "is not designed to provide criminal defendants repeated opportunities to overturn their convictions on grounds which could have been raised on direct appeal." Dunham, 767 F.2d at 1397.
 
 
 5
 Camper appealed his conviction, and a panel of this court affirmed that conviction. United States v. Hedgcorth, 873 F.2d 1307 (9th Cir.), cert. denied, 493 U.S. 857 (1989). In that direct appeal, Camper, who was represented by counsel, did not raise any of the claims he raises here. He has not shown any cause for his failure to raise these claims on direct appeal. In his initial section 2255 motion, Camper did allege two claims of ineffective assistance of counsel, which if shown can constitute a legitimate cause. See Molina v. Rison, 886 F.2d 1124, 1132 (9th Cir.1989). However, the district court concluded that Camper was not deprived of effective assistance of counsel, and he has conceded this claim on appeal. Even if we were to disregard this concession, we find no error in the district court's resolution of this claim.
 
 
 6
 As for Camper's third claim, that the evidence is insufficient to support his conviction because the verdicts are inconsistent, this claim could not have been raised until direct appeal. Camper and his counsel on appeal, however, failed to raise it. Camper has not alleged that his appellate counsel was ineffective, nor has he alleged any other cause for failing to raise this claim on direct appeal.
 
 
 7
 Because we find no cause for Camper's failure to raise his claims on direct appeal, we need not reach the issue of prejudice. We affirm the district court's denial of Camper's motion to vacate his sentence.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3