979 F.2d 856
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frank Leslie HALL, Defendant-Appellant.
 No. 92-55352.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 16, 1992.
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank Leslie Hall, a federal prisoner, appeals pro se the summary denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Hall was convicted following a jury trial for three counts of armed bank robbery and two counts of unarmed bank robbery. He contends that the district court erred by denying his claims of vindictive prosecution, ineffective assistance of counsel, and sentencing errors. We have jurisdiction under 28 U.S.C. § 2255. We review de novo, Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 111 S.Ct. 1398 (1991), and we affirm.
 
 
 3
 First, Hall contends that he was vindictively prosecuted when the government filed additional charges after he refused to plead guilty to a single bank robbery charge. Hall did not raise this claim in his section 2255 motion filed on December 24, 1991. After the district court denied the section 2255 motion on December 26, 1991, Hall filed a motion on January 15, 1992, for the district court to set aside the December 26 order "to allow filing of Defendant[']s Supplement to Motion to Vacate or Correct." The proposed supplement raised three claims, including a vindictive prosecution claim, not raised in the original section 2255 motion. Hall also filed a notice of appeal on January 15, 1992. On January 17, 1992, the district court denied Hall's January 15 motion on the ground that "the notice of appeal divests this court's jurisdiction to act further in the case." A second notice of appeal was lodged on February 14, 1992.
 
 
 4
 A notice of appeal divests the district court of jurisdiction over any matters involved in the appeal. Pope v. Savings Bank of Puget Sound, 850 F.2d 1345, 1347 (9th Cir.1988). Thus, once a notice of appeal is filed, the district court does not have jurisdiction to consider a Fed.R.Civ.P. 60(b) motion for relief from a judgment or order. Crateo, Inc. v. Intermark, Inc., 536 F.2d 862, 869 (9th Cir.), cert. denied, 429 U.S. 896 (1976). Accordingly, the district court did not err by refusing to consider Hall's motion to permit filing of the supplement containing the vindictive prosecution claim. See id.; see also Gould v. Mutual Life Ins. Co., 790 F.2d 769, 773 (9th Cir.) (once appellate mandate issues, district court has jurisdiction to decide post-judgment motions), cert. denied, 479 U.S. 987 (1986). Moreover, we decline to consider the vindictive prosecution claim for the first time on appeal. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987).
 
 
 5
 Second, Hall contends that he was denied effective assistance of counsel because his attorney did not file various motions at trial and failed to protect his rights on direct appeal. Hall did not raise these claims in his section 2255 motion. He raised some of them in the proposed supplement to the section 2255 motion. For the reasons discussed above, the district court did not err by refusing to consider Hall's motion to permit filing of the supplement. See Crateo, Inc., 536 F.2d at 869. Moreover, we decline to consider any of the ineffective assistance claims for the first time on appeal. See Willard, 812 F.2d at 465.
 
 
 6
 Finally, Hall contends that (1) he was denied his right to allocution at sentencing, and (2) the district court denied him due process by increasing his sentence based on certain prior convictions.
 
 
 7
 Hall contends that he was denied his Fed.R.Crim.P. 32 right to allocution at sentencing because the district court did not permit him to argue legal issues not raised by his attorney. This contention lacks merit because Rule 32 grants the defendant the right only "to make a statement and to present any information in mitigation of the sentence," Fed.R.Crim.P. 32(a)(1)(C), and Hall was given the opportunity both to file a written statement and to make an oral statement at the sentencing hearing.
 
 
 8
 Hall contends that the district court denied him due process by relying on unconstitutional prior convictions at sentencing. The district court properly found that this claim was procedurally defaulted because Hall did not raise it on direct appeal. See United States v. Frady, 456 U.S. 152, 167 (1982); United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir.1985); see also United States v. Hall, No. 90-50137, unpublished memorandum disposition (9th Cir. May 6, 1991). Moreover, Hall has not shown cause and prejudice for his procedural default. See Frady, 456 U.S. at 167; Dunham, 767 F.2d at 1397. Accordingly, Hall's contention lacks merit.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3