988 F.2d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jimmie L. KENDALL, Defendant-Appellant.
 Nos. 90-35609, 91-30126.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1992.*
 Decided Feb. 22, 1993.
 
 Appeal from the United States District Court for the Western District of Washington, Nos. CV-89-1716-Z, CR-88-148-Z; Thomas S. Zilly, District Judge, Presiding.
 W.D.Wash.
 AFFIRMED.
 Before WALLACE, Chief Judge, and EUGENE A. WRIGHT and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jimmie Kendall appeals pro se the denial, without an evidentiary hearing, of his motion under 28 U.S.C. § 2255 to vacate his sentence, imposed following his jury conviction for manufacturing and distributing methamphetamine and carrying a gun during and in relation to a drug trafficking crime (No. 90-35609). He also appeals, in a separately docketed action, the district court's dismissal without prejudice of his second and third section 2255 motions pending resolution of the appeal of his first motion (No. 91-30126). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2255. We review de novo the denial of a section 2255 motion. Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 111 S.Ct. 1398 (1991). We affirm.
 
 A. No. 90-35609
 1) Procedural Default
 
 3
 Kendall argues that the district court erred in failing to give jury instructions on the defenses of duress and entrapment. He did not raise this issue on direct appeal. Raising an issue for the first time in a 2255 motion that could have been brought on direct appeal constitutes procedural default. United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir.1985) (citing United States v. Frady, 456 U.S. 152 (1982)). To overcome this bar, the petitioner must show (1) cause excusing the default and (2) actual prejudice resulting from the errors complained of. Id. at 1397.
 
 
 4
 Kendall has not alleged any cause for his failure to raise the instructional error claims on direct appeal (e.g. ineffective assistance of appellate counsel). Accordingly, we will not consider them here.
 
 2) Ineffective Assistance of Counsel
 
 5
 Kendall also argues that his trial counsel was ineffective. A petitioner claiming ineffective assistance of counsel must show that (1) counsel's actions were "outside the range of professionally competent assistance," and (2) that the defendant was prejudiced by counsel's actions. Strickland v. Washington, 466 U.S. 668, 687-90 (1984). Any review of counsel's performance is highly deferential and we "must indulge a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance." Id. at 689.
 
 
 6
 Kendall contends that trial counsel failed to call or interview potential defense witnesses, to provide an independent substance sample for lab testing and to advance Kendall's "theory of the case." He also alleges that counsel failed to make proper objections. Most of the alleged errors relate to his defenses of entrapment and duress.
 
 
 7
 Even if all of these allegations had merit, he fails to demonstrate how a different performance by counsel would have changed the outcome of his trial. Kendall was videotaped making the drug sale. He made several admissions during his testimony that weighed heavily against the defenses of duress or entrapment. We find that Kendall does not meet the prejudice prong of the Strickland test. See Featherstone v. Estelle, 948 F.2d 1497, 1507 (9th Cir.1991) (error by counsel not "ineffective assistance" where no prejudice shown).
 
 
 8
 Ordinarily, when a section 2255 petitioner makes factual allegations regarding assistance of counsel, an evidentiary hearing is required. See, e.g., Baumann v. United States, 692 F.2d 565, 581 (9th Cir.1982). A section 2255 motion can be denied without an evidentiary hearing "if it plainly appears from the face of the motion ... and the prior proceedings in the case that the movant is not entitled to relief." Rules Governing Section 2255 Proceedings, Rule 4(b), 28 U.S.C.A. foll. § 2255 (West Supp.1992). We review such a decision for an abuse of discretion. Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991). Because Kendall did not demonstrate prejudice, and because of the procedural bar to bringing the jury instruction claims, he was not entitled to relief. The district court did not abuse its discretion in denying Kendall's motion without an evidentiary hearing.
 
 B. No. 91-30126
 
 9
 Kendall's Second and Third Section 2255 Motions
 
 
 10
 In Feldman v. Henman, 815 F.2d 1318, 1320 (9th Cir.1987), we said a district court should not entertain a habeas corpus petition while there is an appeal pending in this court or in the Supreme Court.
 
 
 11
 The district court denied Kendall's second and third section 2255 motions without prejudice to renewal after a final disposition of the pending habeas appeal before this court. We have jurisdiction under 28 U.S.C. § 2253 to review on appeal a final order of a district court judge in a habeas proceeding. See Blazak v. Ricketts, 971 F.2d 1408, 1410 (9th Cir.1992). The denial of the motions left nothing for the district court to do until the pending appeal was concluded and unless the petitioner had filed a new 2255 motion. The fact that the denial was without prejudice does not suggest that the district court did not intend to end the litigation. It only makes it clear that the denial is not to act as a bar to a new 2255 motion. See McGuckin v. Smith, 974 F.2d 1050, 1053 (9th Cir.1992).
 
 
 12
 The denial of the motions is therefore appealable and pursuant to Feldman we affirm.
 
 
 13
 AFFIRMED.
 
 
 14
 WALLACE, Chief Judge, concurring and dissenting:
 
 
 15
 I join in part A, but not part B. We said in Hoohuli v. Ariyoshi, 741 F.2d 1169, 1171 n. 1 (9th Cir.1984): "Ordinarily an order dismissing a complaint but not dismissing the action is not appealable under section 1291 unless circumstances make it clear that the court concluded that the action could not be saved by any amendment of the complaint." The finality inquiry is whether the order "ends the litigation and leaves nothing more for the court to do." United States v. Lee, 786 F.2d 951, 956 (9th Cir.1986).
 
 
 16
 Blazak v. Ricketts, 971 F.2d 1408, 1410 (9th Cir.1992), does not help the majority. In that case, we held that the granting of part of the petitioner's habeas claim constituted a final, reviewable order, because the district court reached the merits of the claim and intended its disposition to end litigation. Here, by contrast, the district court effectively delayed hearing the merits of Kendall's second and third habeas petitions pending the resolution of the appeal of his first petition. There is no indication that the court intended to dispose of the merits of Kendall's subsequent petitions. I think it is incorrect to characterize the district court's dismissal as leaving "nothing to be done." There is much left to be done, namely deciding the merits of the second and third petitions.
 
 
 17
 I therefore would hold that we do not have jurisdiction to consider Kendall's appeal from the dismissal of his second and third habeas petitions, because the order dismissing those petitions was not a final one.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3