990 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ringo SHANE, Defendant-Appellant.
 No. 92-35263.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1993.*
Decided April 16, 1993.
 
 Before BOOCHEVER, THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ringo Shane appeals the district court's denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Shane argues that he was denied effective assistance of counsel because his lawyer allegedly failed to (1) persuade him not to proceed pro se, (2) convince him not to withdraw his guilty plea, (3) argue to the court that he should not be permitted to withdraw his guilty plea, and (4) employ a procedural tactic, such as moving for a continuance or withdrawing from the case, to emphasize opposition to Shane's decisions. We hold that Shane was not denied effective assistance of counsel and we therefore affirm the district court.
 
 DISCUSSION
 
 3
 We review claims of ineffective assistance of counsel de novo. United States v. Catabran, 836 F.2d 453, 461 (9th Cir.1988). To prevail on such a claim, a defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). A deficient performance is that which falls below the standards of a reasonably competent attorney. Id. at 687-88. A defendant must overcome a strong presumption that counsel has "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To show that his defense was prejudiced, the defendant must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.
 
 
 4
 Shane's contention that he was ineffectively assisted because his counsel failed to persuade him not to proceed pro se is meritless. Whether one should be represented by counsel is for the defendant, not the lawyer, to decide, provided that the decision is knowing and intelligent. Faretta v. California, 422 U.S. 806, 807, 835 (1975); United States v. Harris, 683 F.2d 322, 324 (9th Cir.1982). A defendant's waiver of counsel is knowing and intelligent if he is "made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' " Faretta, 422 U.S. at 835 (quoting Adams v. United States ex rel. McCann, 317 U.S. 269, 279 (1942)). Shane does not claim that his waiver of counsel was invalid because it was not knowing and intelligent. Rather, he asserts that counsel was ineffective because he did not impress upon his client the gravity of the error in deciding to plead not guilty pro se. We cannot impose a duty under the Sixth Amendment for an attorney to convince his client to secure his representation for the purpose of requiring the client to plead guilty against the client's will.
 
 
 5
 Likewise, we leave to the defendant the ultimate decision whether or not to plead guilty to a charge so long as the lawyer has discharged his duty of counselling the defendant.[1] United States v. Signori, 844 F.2d 635, 638-39 (9th Cir.1988). As the defendant's counsellor, the lawyer is required "to consult with the defendant on important decisions and to keep the defendant informed" using the skill and knowledge of a reasonably competent attorney. Strickland, 466 U.S. at 688. The record establishes that Shane's lawyer, Mr. Fain, was diligent in this regard. At the hearing where Shane initially indicated his desire to plead guilty, Fain summarized before Shane and the court his understanding of the government's case. Fain stated that he had discussed the government's evidence and the option of a plea bargain several times with Shane and that Shane had decided to plead guilty. Shane himself testified that he had fully gone over the case with Fain several times. That Shane later decided to withdraw his guilty plea on the advice of another prisoner does not render the earlier assistance of Fain ineffective.
 
 
 6
 Furthermore, Shane cannot claim ineffective assistance of counsel because Fain failed to argue that Shane should not be permitted to withdraw his guilty plea. Shane in essence asks us to find that Fain erred because he did not argue against his former client's position at the hearing. The district court emphasized to Shane that his decision to proceed pro se and to withdraw the guilty plea was outside of the appointment of his court-appointed counsel. Because Shane elected to represent himself, he "cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.' " Faretta, 422 U.S. at 835 n. 46.
 
 
 7
 Finally, we do not believe that Shane suffered from ineffective assistance of counsel because Fain failed to move for a continuance or withdraw from the case. It is unclear how taking either action would have benefitted Shane's position. We believe Fain's decision to proceed with the case without further delay was well within the "exercise of reasonable professional judgment." Strickland, 466 U.S. at 690.
 
 CONCLUSION
 
 8
 Shane's decision to proceed pro se and withdraw his plea did not render his lawyer's assistance before, during, or after the withdrawal proceeding ineffective. Accordingly, we affirm the district court's decision denying Shane's motion to vacate, set aside, or correct his sentence.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 It is unclear whether Shane intends to argue that the district court erred in granting his motion to withdraw the guilty plea. In any case, because this issue was not raised on direct appeal and because Shane does not argue that he had cause not to raise the issue, we will not decide the matter on an appeal from a § 2255 motion. See United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir.1985)