5 F.3d 535
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Roberto CARRASCO-GUTIERREZ, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-36786.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1993.*
Decided Aug. 31, 1993.
 
 Before: PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roberto Carrasco-Gutierrez appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo, United States v. Grewal, 825 F.2d 220, 222 (9th Cir.1987), and affirm.
 
 
 3
 Petitioner pleaded guilty to one count of distribution of a controlled substance on September 25, 1990. He was represented by counsel, and did not file an appeal. On April 17, 1992, he filed his section 2255 motion, which the district court denied without a hearing.
 
 
 4
 Section 2255 requires the district court to conduct an evidentiary hearing "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. Sec. 2255. A defendant who pleaded guilty generally is limited in a section 2255 motion to challenging the voluntariness of the plea or the effectiveness of counsel. United States v. Broce, 488 U.S. 563, 569 (1989). Moreover, a section 2255 movant is barred from raising claims on which he procedurally defaulted, unless he can show cause and prejudice. United States v. Frady, 456 U.S. 152, 167 (1982); United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir.1985).
 
 
 5
 Petitioner raised three claims in his section 2255 motion: (1) that he was charged and convicted as a primary target although he had no direct interest in the drug transaction; (2) that the government lacked probable cause to stop the vehicle in which he was riding at the time of his arrest; and (3) that the government used a confidential informant to entrap him. The district court correctly denied the motion because petitioner did not challenge the voluntariness of his guilty plea or the effectiveness of his counsel. See Broce, 488 U.S. at 569. Moreover, petitioner was barred from raising his claims because he did not show cause and prejudice for his failure to raise them in a direct appeal. See Frady, 456 U.S. at 167; Dunham, 767 F.2d at 1397. Accordingly, the district court correctly denied his motion without a hearing. See 28 U.S.C. Sec. 2255.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3