24 F.3d 245
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Michael DEVAUGHN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-55866.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided May 4, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Michael DeVaughn appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate his conviction. DeVaughn contends that his counsel was ineffective and that the government engaged in outrageous conduct requiring the reversal of his conviction. The district court found that DeVaughn received effective trial and post-conviction assistance and that his claim of outrageous government conduct was without merit. We have jurisdiction pursuant to 28 U.S.C. Sec. 2255 and review de novo. United States v. Moore, 921 F.2d 207, 209 (9th Cir.1990). We affirm.
 
 
 3
 * Background
 
 
 4
 On 21 February 1989, DeVaughn was convicted, following a bench trial, of conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. Sec. 846, possession of approximately one-half ounce of cocaine with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1), and possession of approximately six kilograms of cocaine with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). On 5 March 1990, DeVaughn was sentenced. On 14 March 1990, DeVaughn filed his notice of appeal. On 12 April 1992, DeVaughn filed a motion to dismiss his appeal "based on defendant's and defense counsel's determination, following a review of the entire record in this case, that there were no grounds for direct appeal that have any likelihood of success." On 8 May 1992, this court granted DeVaughn's motion and dismissed the appeal of his conviction and sentence. United States v. DeVaughn, No. 90-50156 (9th Cir. May 8, 1992) (unpublished order).
 
 II
 Ineffective Assistance of Counsel
 
 5
 DeVaughn contends that his trial and post-conviction attorneys provided ineffective assistance. This contention lacks merit.
 
 
 6
 Whether a defendant received ineffective assistance of counsel is a legal question reviewed de novo. United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991). The district court's findings of facts are reviewed under the clearly erroneous standard. United States v. Garcia, 997 F.2d 1273, 1283 (9th Cir.1993).
 
 
 7
 To show ineffective assistance of counsel, a defendant must demonstrate that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687-90 (1984). The defendant must identify the particular acts that are alleged not to have been the result of reasonable professional judgment. See id. at 690. To establish prejudice, the defendant must demonstrate that " 'the outcome would have been different but for counsel's error.' " Garcia, 997 F.2d at 1283 (quoting Lockhart v. Fretwell, 113 S.Ct. 838, 843 (1993)).
 
 A. Trial Counsel
 
 8
 DeVaughn argues that his trial counsel failed to investigate: (1) the conspiracy charge; (2) government and defense witnesses; and (3) court orders regarding the analysis of the narcotics.[1] DeVaughn contends that he is innocent and but for these errors he would not have been convicted.
 
 
 9
 DeVaughn has failed to demonstrate that his trial counsel's conduct was deficient. The primary evidence against DeVaughn was numerous tape-recorded meetings and telephone conversations between DeVaughn and the government's informant, establishing DeVaughn's guilt. Moreover, DeVaughn's codefendant's testimony independently established DeVaughn's guilt. The record establishes that DeVaughn's trial counsel reviewed all of the discovery provided by the government, assessed the viability of raising various issues, including the defense of entrapment, and discussed these with Mr. DeVaughn. The record further establishes that DeVaughn's trial counsel explored an entrapment defense, but decided that given the evidence against DeVaughn and DeVaughn's prior felony convictions, such a defense was not viable. The record further establishes that DeVaughn's trial counsel cross-examined the government's informant during the trial. Given the weight of the evidence introduced at trial, we, like the district court, conclude that DeVaughn's recitation of the facts is not credible. Thus, the district court's finding that DeVaughn's trial counsel's performance was not deficient is supported by the record and, therefore, not clearly erroneous. See Garcia, 997 F.2d at 1283. Accordingly, DeVaughn has failed to demonstrate that he was denied effective assistance of trial counsel. See Strickland, 466 U.S. at 690.
 
 B. Post-Conviction Counsel
 
 10
 DeVaughn argues further that his post-conviction counsel failed to investigate and raise issues of: (1) outrageous government conduct; (2) the validity of a prior felony conviction; (3) the constitutionality of 18 U.S.C. Sec. 3553 and Fed.R.Crim.P. 35(b); (4) sentencing; and (5) the effectiveness of DeVaughn's trial counsel.
 
 
 11
 DeVaughn cannot show that he was prejudiced by his appellate counsel's actions: DeVaughn personally submitted a motion to this court requesting that his direct appeal be voluntarily dismissed. Accordingly, he cannot show that the outcome of his appeal would have been different for his post-conviction counsel's actions. See Garcia, 997 F.2d at 1283.
 
 III
 Outrageous Government Conduct
 
 12
 DeVaughn contends that the government engaged in outrageous conduct that requires the reversal of his convictions. DeVaughn argues that the government's informant coerced DeVaughn into becoming involved in the drug conspiracy and that the informant initiated the investigation against DeVaughn as part of a scheme to collect fees from the Internal Revenue Service. This contention lacks merit.[2]
 
 
 13
 A collateral challenge under section 2255 "may not do service for an appeal." United States v. Frady, 456 U.S. 152, 168 (1982). In order to obtain collateral relief through section 2255, DeVaughn "must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." See id.; United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir.1985). DeVaughn fails the first prong of this test because he has not presented any justification for his failure to raise these issues at trial or on direct appeal. This procedural default bars DeVaughn from raising these issues now by way of section 2255. See Frady, 456 U.S. at 168.
 
 IV
 Conclusion
 
 14
 DeVaughn contends that the district court erred by not holding an evidentiary hearing on his section 2255 motion. The district court is not required to hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. Sec. 2255; Moore, 921 F.2d at 211. Here, the district court had before it the trial record, including the trial transcript, and numerous affidavits submitted by the government. DeVaughn's claims allegations are not based on facts outside the record. Moreover, DeVaughn's claims are without merit. Thus, the district court did not err in failing to hold an evidentiary hearing. See 28 U.S.C. Sec. 2255; Moore, 921 F.2d at 211.[3]
 
 AFFIRMED.[4]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, DeVaughn's request to waive oral argument is granted. Moreover, DeVaughn's motion to extend time to file a reply brief is granted and the reply brief is ordered filed
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his opening brief, DeVaughn also argues that his trial counsel failed to: (1) file a Fed.R.Crim.P. 29 motion challenging the sufficiency of the evidence and (2) advise him of his right to testify on his own behalf. These claims were not presented to the district court. Because this court generally does not consider issues raised for the first time on appeal, see United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992), we decline to consider them
 
 
 [2]
 In his opening brief, DeVaughn states new claims of outrageous government conduct. Because these claims were not presented to the district court, we decline to consider them. See Reyes-Alvarado, 963 F.2d at 1189
 
 
 [3]
 On 21 March 1994, DeVaughn filed, in this court, an emergency motion for summary remand. DeVaughn seeks a remand so that the district court can conduct an evidentiary hearing on his claims of prosecutorial misconduct. Because DeVaughn has no justification for failing to raise these issues at trial or on direct appeal, he is barred from raising them now by way of section 2255. See Frady, 456 U.S. at 168. Thus, DeVaughn is entitled to no relief on these claims and, therefore, is not entitled to an evidentiary hearing. Accordingly, DeVaughn's motion is denied
 
 
 [4]
 To the extent that DeVaughn argues that the claims that his attorneys failed to raise during trial or on direct appeal are independent bases for relief, we conclude that he has procedurally defaulted on these claims. He has no justification for failing to raise these issues at trial or on direct appeal and, therefore, is barred from raising them now by way of section 2255. See Frady, 456 U.S. at 168