26 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ernesto TRASLAVINA, Defendant-Appellant.
 No. 93-15387.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 1, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ernesto Traslavina appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion challenging his conviction for conspiracy to possess and possession with intent to distribute cocaine. We previously affirmed his conviction on direct appeal in an unpublished memorandum disposition. Traslavina contends the trial court erred by refusing to extend the time to file his late suppression motion. He further argues that he received ineffective assistance of counsel from both his trial and appellate counsel.[1] We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 
 3
 * Motion to Suppress
 
 
 4
 Section 2255 is not designed to provide a criminal defendant with multiple opportunities to challenge a conviction. United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993); United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir.1985). Where a "defendant could have raised a claim error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error." Johnson, 988 F.2d at 945. We may presume that a defendant " 'stands fairly and finally convicted, especially when ... he already has had a fair opportunity to present his federal claims to a federal forum.' " Id. (quoting United States v. Frady, 456 U.S. 152, 164 (1982)).
 
 
 5
 Here, Traslavina failed to challenge the denial of his motion for an extension of time to file a late suppression motion in the trial court or on direct appeal. Traslavina argues that he might have been acquitted (which implies going to trial) or pled guilty and received a lesser sentence if he had been allowed to file the suppression motion.
 
 
 6
 This argument--an oxymoron--demonstrates neither cause excusing his procedural default nor actual prejudice stemming from the alleged error. See Johnson, 988 F.2d at 945; Dunham, 767 F.2d at 1397. For this reason, the district court properly rejected his argument regarding the late suppression motion. See Dunne v. Henman, 875 F.2d 244, 247 (9th Cir.1989) (we may affirm on any ground fairly supported by the record).
 
 II
 Ineffective Assistance of Counsel
 
 7
 In reviewing claims of ineffective assistance of counsel, we must determine whether counsel's action fell below the level of professional competence required by Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 8
 In his motion, Traslavina argued that both his trial and appellate counsel rendered ineffective assistance for a number of reasons. The district court did not specifically address each of his arguments, but the court did determine that both counsels' strategies were professionally reasonable. From the record before us, we are unable to say that the court's determination was erroneous.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. We deny appellee's motion to supplement the record on appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his 2255 motion, Traslavina raised other arguments which he does not raise on appeal. Therefore, we deem the arguments waived and do not address them