29 F.3d 632
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank Leslie HALL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-56294.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided July 6, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Frank Leslie Hall appeals pro se the district court's denial of his second 28 U.S.C. Sec. 2255 motion to vacate, set aside, or correct his sentence. Hall was convicted following a jury trial of three counts of armed robbery and two counts of unarmed bank robbery. Hall was sentenced to 140 months incarceration. We have jurisdiction pursuant to 28 U.S.C. Sec. 2255. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 
 3
 On direct appeal to this court, Hall challenged his conviction upon the district court's: (1) determination of reasonable suspicion to stop his vehicle; (2) failure to excuse a juror for cause; (3) admission into evidence of a toy gun; (4) order compelling defendant to wear his hat and glasses before the jury. Hall also challenged his 140-month sentence, contending that the district court failed to reduce his sentence for accepting responsibility for his acts. We rejected each of Hall's claims and affirmed his conviction and sentence. See United States v. Hall, No. 90-50137, unpublished memorandum disposition (9th Cir. May 6, 1991).
 
 
 4
 In December 1991, Hall filed his first 28 U.S.C. Sec. 2255 motion to vacate, set aside, or correct his sentence. In that motion, Hall claimed that he was denied the right of allocution at sentencing and that the district court did not permit him to argue legal issues not raised by his attorney. We held that Hall's first claim was without merit and his second claim was barred, pursuant to United States v. Frady, 456 U.S. 152, 167 (1982), for failure to raise the claim on direct appeal. See United States v. Hall, No. 92-55352, unpublished memorandum disposition (9th Cir. Nov. 16, 1992). In addition to these claims, Hall also alleged on appeal that he was the victim of vindictive prosecution and that his trial counsel was constitutionally ineffective. Hall also alleged that the trial court committed sentencing errors. Because Hall did not raise these claims in the district court, we declined to reach the merits of these claims. See id.
 
 
 5
 On 8 March 1993, Hall filed his second 28 U.S.C. Sec. 2255 motion to vacate, set aside, or correct his sentence. In this motion Hall alleged that: (1) he was denied effective assistance of counsel; (2) the government violated its discovery obligation; (3) the government deterred him from testifying; and (4) the government's prosecution of him was vindictive. The district court found that Hall had failed to raise these claims on direct appeal and was, therefore, barred from raising them in a section 2255 motion. We agree.
 
 
 6
 A collateral challenge under section 2255 "may not do service for an appeal." United States v. Frady, 456 U.S. 152, 168 (1982), accord United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir.1985). In order to obtain collateral relief through a section 2255 motion, a movant "must show both (1) 'cause excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." Frady, 456 U.S. at 168; Dunham, 767 F.2d at 1397.
 
 
 7
 The claims raised in Hall's second section 2255 motion were not raised on direct appeal, nor were they properly raised in his first section 2255 motion. Hall has not demonstrated cause for failing to do so. See Frady, 456 U.S. at 168; Dunham, 767 F.2d at 1397. Accordingly, the district court properly found that Hall had procedurally defaulted on his claims and had failed to show cause for the default.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3