36 F.3d 1103
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rickey BUNTON, Defendant-Appellant.
 No. 93-16216.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1994.*
Decided Sept. 22, 1994.
 
 Before: SNEED, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rickey Bunton, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion. Bunton was convicted, following a jury trial, of attempting to possess, with intent to distribute, five kilograms of cocaine. Bunton contends there was insufficient evidence to support his conviction. We have jurisdiction pursuant to 28 U.S.C. Sec. 2255. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 
 
 3
 Bunton did not raise sufficiency of the evidence as an issue on direct appeal. See United States v. Bunton, No. 90-10505, unpublished memorandum disposition (9th Cir. Jan. 23, 1992). Instead, he first raised this issue in his Sec. 2255 motion. "Section 2255, however, is not designed to provide criminal defendants multiple opportunities to challenge their sentence." United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993) (citing United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir.1985)). If a criminal defendant could have raised a claim on direct appeal but failed to do so, he must demonstrate both cause and prejudice for his procedural default. United States v. Frady, 456 U.S. 152, 165 (1982); Johnson, 988 F.2d at 945.
 
 
 4
 Bunton has shown neither cause nor prejudice for his procedural default. In his Sec. 2255 motion, Bunton cites ignorance of the law as cause for his procedural default. Bunton's lack of legal knowledge, however, does not constitute cause for a procedural default. See Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir.1988) (pro se's mental condition and reliance on incompetent "jailhouse lawyers" is not cause); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se's illiteracy is not cause). Therefore, the district court properly dismissed this claim. See Frady, 456 U.S. at 165; Johnson, 988 F.2d at 945.
 
 
 5
 Bunton raises various other issues on appeal which we do not address because Bunton failed to raise them in his Sec. 2255 motion. See Johnson, 988 F.2d at 945.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3