UNITED STATES of America,
Plaintiff–Appellee,

v.

John Shelby WATTS, Jr., Defendant–Appellant.

No. 04–50432.

D.C. No. CR–95–00834–TJH–01.

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 2006.[*]

Decided May 18, 2006.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Paul H. Rochmes, Ronald L. Cheng, USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

John Shelby Watts, Terminal Island, CA, pro se.

Before B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

## MEMORANDUM**

John Shelby Watts, Jr. appeals pro se the district court's denial of his 18 U.S.C. § 3664 petition for an order amending and modifying restitution. We have jurisdiction pursuant to 18 U.S.C. § 3742, and we affirm.

Following appellant's guilty plea, the district court entered its judgment that required appellant, among other conditions, to pay $1.5 million in restitution to the Department of Health and Human Services. Appellant did not appeal.

■ In the instant petition, filed over three years after the district court's judgment, the only change to appellant's economic circumstances that he alleged was his inability to obtain a prison job. Even assuming that this constituted a material change of appellant's economic circumstances, 18 U.S.C. § 3664(k) only authorizes the district court to adjust the restitution payment schedule. While section 3664(*o*) does permit the district court to modify the amount of restitution owed under certain circumstances, none of those circumstances are present here.

■ The bulk of appellant's petition raised a series of arguments regarding the incorrectness of the amount of restitution owed, and the district court's errors in the methodology it used to determine that amount. These are claims that appellant could have raised on direct appeal, and now may not be used to collaterally attack the district court's judgment.[1] *See, e.g., United States v. Dunham,* 767 F.2d 1395, 1397 (9th Cir.1985).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

[1] Appellant did not a file a direct appeal, and the district court had previously denied in appellant's 28 U.S.C. § 2255 motion his claims alleging ineffective assistance of trial counsel for stipulating to the restitution amount and not filing a notice of appeal. This court denied appellant's request for a certificate of appealability. *See United States v. Watts,* No. 02–55262 (9th Cir. Jan. 23, 2003) (unpublished order).

Accordingly, the district court was correct in not modifying the restitution amount.

**AFFIRMED.**[2]