UNITED STATES of America, Plaintiff–Appellee,

v.

Brandon BAGNELL, Defendant–Appellant.

No. 06–35224.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 7, 2007.*

Filed Dec. 13, 2007.

Kris A. McLean, Esq., Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

Carla J. Mondou, Marana, AZ, for Defendant–Appellant.

Before: McKEOWN and CLIFTON, Circuit Judges, and SCHWARZER,** District Judge.

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

MEMORANDUM ***

Brandon Bagnell appeals the denial by the district court of his petition for habeas corpus pursuant to 28 U.S.C. § 2255. We affirm.

Bagnell's arguments that his Fourth Amendment rights were violated by his unlawful arrest, search, and coerced confession are procedurally barred. Bagnell had an opportunity to raise these arguments at trial and on direct appeal but failed to do so, and he has shown neither cause nor actual prejudice. *See United States v. Frady,* 456 U.S. 152, 162–70, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *United States v. Dunham,* 767 F.2d 1395, 1397 (9th Cir.1985); *Tisnado v. United States,* 547 F.2d 452, 456 (9th Cir.1976); *see generally Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).

Bagnell's ineffective assistance of counsel arguments do not support relief. Trial counsel was not ineffective for failing to move to suppress Bagnell's confession because such a motion would have been fruitless. *See Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). The late discovery of the tape recording of Bagnell's confession does not reflect poorly on defense counsel's performance because it was not the product of defense counsel error. Bagnell also cannot show prejudice, as there is no reasonable probability that the witness impeachment which was prevented by the recording would have been so successful as to change the outcome of the proceedings. *See Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Trial counsel also did not err in failing to interview or call as witnesses two officers who were present at the scene. There is no evidence that their testimony would have corroborated Bagnell's theory

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of the case, and Bagnell has not shown prejudice because he does not specify what information these officers would have revealed that would have changed the outcome of the trial.

We decline to expand the Certificate of Appealability to include Bagnell's uncertified issues, as these issues are not "debatable among jurists of reason." *Lopez v. Schriro,* 491 F.3d 1029, 1040 (9th Cir.2007). Mistakenly exercising a peremptory challenge against a juror other than the one trial counsel had intended to challenge—or failing to challenge him for cause—may constitute attorney error under *Strickland,* but Bagnell cannot establish prejudice. The evidence against Bagnell was overwhelming. And the juror in question agreed that his prior interactions with a Government witness would not influence his ability to impartially judge that witness' testimony and that he would listen to and follow the court's instructions.

After considering Bagnell's other uncertified issues, we conclude that they do not support relief.

AFFIRMED.