UNITED STATES of America, Plaintiff–Appellee,

v.

Ernest G. MOORE, Defendant–Appellant.

No. 87–3626.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 1990 *.

Decided Dec. 11, 1990.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Ernest G. Moore, Carson City, Nev., pro se.

James L. Sutherland, Asst. U.S. Atty., Eugene, Or., for plaintiff-appellee.

Before GOODWIN, Chief Judge, WRIGHT and NOONAN, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Moore appeals pro se the denial of his section 2255 motion. He alleges his incarceration is illegal because his convictions were based on insufficient evidence, error in jury instructions, ineffective assistance of trial and appellate counsel, and improper denial of an evidentiary hearing on this motion. We affirm.

## FACTS AND PRIOR PROCEEDINGS

In 1977, an informant, Krossman, told the FBI that Moore and others planned to rob a bank in Milwaukie, Oregon. The FBI provided Krossman with a "stolen" car that the others expected to use in the robbery. FBI agents waited in a van near the bank and arrested Moore and another man as they walked toward the bank. Moore wore a ski mask. He carried gloves, two pillowcases in his pocket, and a loaded gun concealed in the waistband of his trousers.

He and two others were charged with attempted bank robbery, a violation of 18 U.S.C. § 2113(a), and with use of a firearm in the commission of a felony,[1] a violation of 18 U.S.C. § 924(c)(1). At trial, Moore admitted that he had a gun, ski mask, gloves and pillowcases, and did not deny participation in the attempted robbery. His defense was that he participated solely at the urging and insistence of Krossman. This court affirmed the convictions on direct appeal. *United States v. Moore,* 580 F.2d 360 (9th Cir.), *cert. denied,* 439 U.S. 970, 99 S.Ct. 463, 58 L.Ed.2d 430 (1978).

ANALYSIS

*Standard of Review*

■ We review de novo the denial of a section 2255 petition. *United States v. Quan,* 789 F.2d 711, 713 (9th Cir.), *cert. dismissed,* 478 U.S. 1033, 107 S.Ct. 16, 92 L.Ed.2d 770 (1986).

*I. Sufficiency of the Evidence*

Moore contends that there was insufficient evidence to convict him of attempted bank robbery. He argues that the government cannot prove a necessary element of the charge (the use of force, violence or intimidation) because the FBI arrested him before he entered the bank. We reject this argument and find sufficient evidence to support the conviction.

■ We review a challenge to the sufficiency of the evidence "in the light most favorable to the Government to determine if '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Mason,* 902 F.2d 1434, 1441 (9th Cir.1990) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original)). A conviction for attempted bank robbery requires the government to prove (1) culpable intent, and (2) conduct constituting a substantial step towards the commission of the crime. *United States v. Buffington,* 815 F.2d 1292, 1301 (9th Cir.1987).

■ The record provides ample evidence both of Moore's culpable intent and of conduct constituting a substantial step toward bank robbery. Before the attempt, an informant provided details of the planned robbery. When agents apprehended Moore, he was walking toward the bank, wearing a ski mask, and carrying gloves, pillowcases, and a concealed, loaded gun.

■ Conviction under section 2113 requires only that the defendant intended to use force, violence or intimidation and made a substantial step toward consummating the robbery. *United States v. Jackson,* 560 F.2d 112, 116 (2d Cir.), *cert. denied,* 434 U.S. 941, 98 S.Ct. 434, 54 L.Ed.2d 301 (1977). Contrary to Moore's argument, it does not require the actual use of force, violence or intimidation. *See id.; see also United States v. Snell,* 627 F.2d 186, 187–88 (9th Cir.1980) (attempted bank robbery conviction upheld despite no evidence of actual force, violence or intimidation), *cert. denied,* 450 U.S. 957, 101 S.Ct. 1416, 67 L.Ed.2d 382 (1981). Police are not required to delay arrest until innocent bystanders are imperiled. *Jackson,* 560 F.2d at 116.

■ This court found that Moore "used" the concealed gun in the attempted robbery, though he neither brandished nor discharged it. *United States v. Moore,* 580 F.2d at 362. He used the gun to increase the likelihood of a successful robbery. Without it, "he probably would not have sallied forth." *Id.* The jury reasonably could have inferred from his use of the gun that he intended to use force, violence or intimidation. The evidence was sufficient to sustain a conviction.

*II. Attempted Bank Robbery Jury Instructions*

Moore contends that the district court committed plain error in its jury instructions on attempted robbery. He argues that it should have defined "violence." A defendant who seeks relief under section 2255 on the basis of faulty jury instructions must demonstrate "(1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors

---

1. The felony in question was the same attempted bank robbery.

of which he complains." *United States v. Dunham*, 767 F.2d 1395, 1397 (9th Cir. 1985) (quoting *United States v. Frady*, 456 U.S. 152, 168, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982)).

■ The trial court properly instructed the jury on the elements of attempted bank robbery. Since "violence" is a concept within the jury's ordinary experience, there is no prejudice in failing to define it. In addition, the judge did define "force" and "intimidation." The court stated the law correctly. Moore suffered no actual prejudice.

### III. Entrapment Jury Instruction

Moore also contends that the district court committed plain error in its jury instruction regarding entrapment. He argues that the instruction given improperly placed the burden of proof on him. He relies on *Notaro v. United States*, 363 F.2d 169 (9th Cir.1966), which invalidated an instruction that did not state clearly that the government had to prove beyond a reasonable doubt that the defendant had a previous intent or disposition to commit the crime. *Id.* at 171–74.

The entrapment instruction here placed the burden of proof on the government. It was virtually identical to one we approved in *United States v. Abushi*, 682 F.2d 1289, 1301 n. 7 (9th Cir.1982). The district court gave a proper entrapment instruction. There was no actual prejudice.

### IV. Ineffective Assistance of Trial Counsel

Moore contends that he was denied effective assistance of counsel at trial because his attorney: (1) failed to move for a directed verdict, even though there was no evidence of Moore's use of force, violence or intimidation in the attempted robbery, (2) asserted an entrapment defense even though no federal crime had been committed, and (3) submitted an entrapment instruction this circuit had held to be improper in *Notaro*.

The Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), set out the standard to be used when a defendant makes such a claim:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.*

■ The magistrate found that Moore had not proved he received ineffective assistance of counsel. This is a mixed question of law and fact which we review de novo. *Eggleston v. United States*, 798 F.2d 374, 376 (9th Cir.1986).

■ None of the three errors that Moore alleges satisfies the *Strickland* requirements. First, the lawyer's failure to move for a directed verdict did not prejudice Moore because it would have been meritless. His possession of a gun was sufficient to evidence his intent to use force, violence or intimidation in the bank robbery.

Second, counsel properly advanced an entrapment defense. The evidence showed overwhelmingly that a federal crime had been committed and Moore had no other defense. The magistrate concluded that the trial counsel ably presented that defense.

Third, trial counsel submitted a legally correct entrapment instruction. His performance was not deficient. Moore was not denied effective assistance of trial counsel.

### V. Ineffective Assistance of Appellate Counsel

■ Moore contends his appellate counsel was ineffective because she failed to argue that trial counsel had been ineffective. As we have discussed, trial counsel represented Moore competently. The fail-

ure of counsel on appeal to question the trial lawyer's service cannot be deemed deficient performance.

## VI. Evidentiary Hearing on the Section 2255 Motion

 Moore contends the district court should have conducted an evidentiary hearing on his section 2255 motion. This court has held that an evidentiary hearing is not required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Birtle*, 792 F.2d 846, 849 (9th Cir.1986) (quoting 28 U.S.C. § 2255). The motion, files and records here show conclusively that Moore was entitled to no relief. The court properly relied upon the record and did not err in denying an evidentiary hearing.

## CONCLUSION

The judgment is AFFIRMED.