959 F.2d 243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Thomas RHODES, Defendant-Appellant.
 No. 90-15118.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 14, 1992.*
Decided April 9, 1992.
 
 Before GOODWIN, FLETCHER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Rhodes appeals the district court's denial of his motion under 28 U.S.C. § 2255. We affirm.
 
 I. BACKGROUND
 
 3
 Rhodes was indicted on various drug-related charges. Three alleged co-conspirators entered guilty pleas pursuant to plea agreements and were sentenced before Rhodes's trial.
 
 
 4
 Two of the co-defendants testified against Rhodes pursuant to their plea agreements. During the trial, they both had Rule 35 motions for reduction of sentence pending before the district court. The motions were on file with the clerk.
 
 
 5
 Rhodes was convicted and sentenced to prison. Meanwhile, the district court granted the Rule 35 motions for the two co-defendant/witnesses and reduced their sentences by one year each.
 
 
 6
 This court affirmed Rhodes's conviction. See United States v. Rhodes, No. 85-1105 (9th Cir. Jan. 15, 1986) (unpublished; table reference at 782 F.2d 1055). The district court denied Rhodes's first § 2255 motion and that denial was affirmed by the court. See United States v. Rhodes, No. 86-2961 (9th Cir. July 28, 1988) (unpublished; table reference at 855 F.2d 863; full text available on Westlaw).
 
 
 7
 This is Rhodes's second § 2255 motion. The district court denied the motion without seeking a response from the government.
 
 II. JURISDICTION AND STANDARD OF REVIEW
 
 8
 The district court had jurisdiction to consider the motion pursuant to 28 U.S.C. § 2255. This court has jurisdiction under 28 U.S.C. §§ 2253 and 2255. We review a denial of a § 2255 motion de novo. See United States v. Moore, 921 F.2d 207, 209 (9th Cir.1990).
 
 III. ANALYSIS
 
 9
 A. The government's failure to disclose certain information
 
 
 10
 The government contends that Rhodes's claim of prosecutorial misconduct is an abuse of the writ because he failed to raise the issue in his first § 2255 motion. In McCleskey v. Zant, 111 S.Ct. 1454 (1991), the Supreme Court held that the government, when pleading abuse of the writ, must show with particularity the prior writ history and the claims that appear for the first time. The burden then shifts to the petitioner to show both cause for failing to raise the issue originally and prejudice. Id. at 1470.
 
 
 11
 The difficulty here is that the government did not participate in the § 2255 proceedings below. The abuse of the writ contention is necessarily raised for the first time in the government's appellate brief. While we could remand to the district court for a determination as to whether Rhodes has abused the writ, we decline to do so because we conclude that Rhodes would not prevail on the merits.
 
 
 12
 Rhodes claims that prosecutors improperly failed to reveal the existence of the witnesses' Rule 35 motions for reduction of sentence that were pending at the time they testified against Rhodes. Rhodes claims the information would have been useful in showing a motive for the witnesses' testimony. Rhodes contends that the prosecutor exacerbated the damage by eliciting testimony and arguing to the jury that the witnesses' cases were final and that they had nothing to gain by offering false testimony against Rhodes.
 
 
 13
 The Rule 35 motions were publicly filed in the same file as Rhodes's case and noted on the same docket sheet as Rhodes's entries. We will not require the government to disclose such motions when they are publicly filed and so readily available.
 
 
 14
 The Rule 35 motions also did not affect the finality of the witnesses' convictions. The witnesses were exercising the right of any criminal defendant to request a reduction of their sentences. The fact that they were asking for a reduction was readily ascertainable from the clerk's record; defense counsel for Rhodes certainly could have asked them on cross examination about their expectations.
 
 
 15
 Rhodes further claims that the government failed to disclose a "secret" deal with the witnesses not to oppose their Rule 35 motions for reduction of their sentences.
 
 
 16
 In United States v. Shaffer, 789 F.2d 682 (9th Cir.1986), this court held that the government must disclose not only explicit agreements with witnesses, but also "facts which imply an agreement." Id. at 690. In Shaffer, the government failed to disclose that a witness had amassed considerable assets from his drug dealings and that the government did not seek to seize the profits through civil forfeiture proceedings. The court found that those facts indicated a possible understanding between the government and the witness that should have been disclosed.
 
 
 17
 There are no facts that indicate a tacit understanding here. The government had no control over the filing of the Rule 35 motions. The transcripts of the Rule 35 hearings further demonstrate that any "understanding" between the government and the witnesses regarding the motions was unlikely.
 
 
 18
 At the Rule 35 hearing for one of the witnesses, the prosecutor, after discussing his difficulty in deciding how to respond to the Rule 35 motion, said:
 
 
 19
 I think there comes a point in time if we reduce it too much that every defendant that came along would be looking for something later on down the road and not that that's something that should be discouraged, I suppose, but I felt that if the Court were to give him, say, a year off that, that would be something that he wouldn't have been ordinarily been looking forward to and it would be kind of like that a boy, it's something you're not entitled to but we are going to give it to you because you did something good for the system.
 
 
 20
 Those remarks do not suggest any secret understanding. On the contrary, the tenor of both Rule 35 hearings reflect the uncertainty surrounding the request for a reduction of sentence.
 
 
 21
 Because the existence of the pending motions was readily ascertainable and because no facts imply that the government made promises regarding the outcome of the motions, Rhodes's motion should not be granted on this ground.
 
 
 22
 B. The admissibility of an out-of-court statement
 
 
 23
 Rhodes next claims that the district judge erred at his trial by refusing to allow into evidence a written statement by Stanley Donaldson, a purported co-conspirator. Donaldson was not available to testify. His written statement concerned Rhodes's lack of knowledge of certain criminal matters.
 
 
 24
 Rhodes raised this issue in a slightly different context in his first § 2255 motion. In that motion, he claimed his attorney provided ineffective assistance of counsel because he failed to take appropriate steps to subpoena Donaldson.
 
 
 25
 The thrust of that claim and of Rhodes's present claim is that he was denied a fair trial because the testimony and statements of Donaldson were excluded. In his first § 2255 motion, Rhodes argued that his counsel's mistake caused the omission; now he contends the trial judge's allegedly erroneous evidentiary ruling denied him the benefit of Donaldson's statement.
 
 
 26
 Another panel of this court has already determined that the absence of Donaldson's testimony or statement at the trial was not prejudicial. See United States v. Rhodes, No. 86-2961 (9th Cir. July 28, 1988) (table reference at 855 F.2d 863; full text available on Westlaw). The panel found that Rhodes was not prejudiced because his counsel exploited Donaldson's absence in his closing argument. The panel also noted that "had Donaldson testified to the facts set forth in his statement, he would have provided damaging testimony concerning the more serious charges contained in Counts I and II." No. 86-2962 at * 5-6 (Westlaw version). Because this court has already determined that the absence of Donaldson's testimony or statement was not prejudicial to Rhodes, we need not consider the merits of the district court's evidentiary ruling.
 
 
 27
 The decision of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3