995 F.2d 232
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Antonio Barajas MORA, Petitioner-Appellant,
v.
UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF
WASHINGTON, Respondent-Appellee.
 No. 91-36370.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 8, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Antonio Barajas Mora appeals pro se the district court's sua sponte dismissal of his motion for habeas corpus relief as frivolous under 28 U.S.C. § 1915(d). We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo a district court's decision on a section 2255 motion, United States v. Moore, 921 F.2d 207, 209 (9th Cir.1990), and we affirm on other grounds, see Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989) (in reviewing decisions of the district court, the court of appeals may affirm on any ground finding support in the record), cert. denied, 496 U.S. 937 (1990).
 
 
 3
 "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal." Rule 4(b), Rules Governing Section 2255 Cases, 28 U.S.C. § foll. § 2255.
 
 
 4
 It is a well-established principle that a state prosecution does not bar a subsequent federal prosecution of the same person for the same acts, and a federal prosecution does not bar a state one. Heath v. Alabama, 474 U.S. 82, 89 (1985); United States v. Wheeler, 435 U.S. 313, 316-17 (1978); United States v. Figueroa-Sota, 938 F.2d 1015, 1020 (9th Cir.1991). Due process of law is not violated when the same acts are punished by two sovereigns. Figueroa-Sota, 938 F.2d at 1020 (quoting United States v. Lanza, 260 U.S. 377, 382 (1922)). "Double jeopardy is not incurred by such serial prosecutions." Figueroa-Sota, 938 F.2d at 1020 (citing Wheeler, 435 U.S. 313).
 
 
 5
 Mora's motion alleged that he was convicted by the State of Washington on a drug trafficking charge. He also alleged that his sentence was enhanced under the state sentencing guidelines for drug trafficking with a firearm. Mora argued that because he was convicted by the State of Washington, the United States District Court was without jurisdiction to convict him of being an alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5). We conclude, however, that the district court correctly found that Mora's federal conviction did not implicate the double jeopardy clause, because Mora was convicted of two separate offenses by different sovereigns. See Heath, 474 U.S. at 89; Wheeler, 435 U.S. at 316-17; Figueroa-Sota, 938 F.2d at 1020.
 
 
 6
 Mora also argued that 18 U.S.C. § 927 prohibited the United States District Court from exercising jurisdiction over him. Section 927 merely indicates that the federal government does not intend to preempt any laws of state and local jurisdictions unless they conflict with federal law. We conclude that the district court correctly determined that there is no conflict between state and federal law in this case.
 
 
 7
 Therefore, Mora failed to state a cognizable federal claim which would entitle him to habeas corpus relief. See 28 U.S.C. § 2255; Heath, 474 U.S. at 89; Wheeler, 435 U.S. at 316-17; Figueroa-Sota, 938 F.2d at 1020. Therefore, the district court's summary dismissal of Mora's motion was proper. See Rule 4(b), Rules Governing Section 2255 Cases, 28 U.S.C. § foll. § 2255.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3