2 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Lee LASKIEWICZ, Defendant-Appellant.
 No. 92-37012.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided Aug. 2, 1993.
 
 Before BROWNING, TANG and NORRIS, Circuit Judges.
 MEMORANDUM**
 David Lee Laskiewicz appeals the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate, set aside, or correct his sentence. Laskiewicz was sentenced to ten years imprisonment following his guilty plea to conspiracy to manufacture and distribute methamphetamine, in violation of 21 U.S.C. Secs. 841(a)(1) and 846. The district court determined that Laskiewicz's motion was successive. We have jurisdiction pursuant to 28 U.S.C. Sec. 2255 and review de novo. United States v. Moore, 921 F.2d 207, 209 (9th Cir.1990). We affirm.
 A sentencing court is not required "to entertain a second or successive motion for similar relief on behalf of the same prisoner." 28 U.S.C. Sec. 2255; United States v. Mathews, 833 F.2d 161, 164 (9th Cir.1897). The sentencing court's denial of a prior 2255 motion is controlling if (1) the subsequent motion presents the same ground for relief already determined against the petitioner in the prior motion, (2) the prior decision was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent motion. Sanders v. United States, 373 U.S. 1, 15 (1963); Mathews, 833 F.2d at 164-65.
 
 
 1
 The motion currently before this Court is Laskiewicz's fourth motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2255. In his present motion, filed May 29, 1992, Laskiewicz alleges that he received ineffective assistance of counsel because counsel gave him erroneous advice regarding a plea agreement. Laskiewicz raised the same argument in his third motion under section 2255, which was denied on July 19, 1991. The denial of this motion was never appealed.
 
 
 2
 Laskiewicz concedes that he raised the ineffective assistance claim in an earlier petition, but argues that the denial of his earlier petition was not on the merits because the district court failed to hold an evidentiary hearing on his claim. However, the district court is not required to hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. Sec. 2255; Moore, 921 F.2d at 211. Here, the district court determined that "the transcript of proceedings at the time of his guilty plea, and his signed guilty plea petition ... make it clear that petitioner knew that he was subject to a sentence of up to twenty (20) years incarceration." This is clearly a determination on the merits.
 
 
 3
 Laskiewicz has already had an opportunity to raise his ineffective assistance of counsel claim, and that claim was addressed on the merits by the district court. Laskiewicz has indicated no reason why the interests of justice dictate that his claim must be considered again. We find that Laskiewicz's section 2255 motion is successive. See Sanders, 373 U.S. at 15; Mathews, 833 F.2d at 164-65. Accordingly, we affirm the district court's denial of the motion.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Laskiewicz's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3