21 F.3d 1116
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Beauford DUNN, Defendant-Appellant.
 No. 93-15825.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 12, 1994.*
Decided April 19, 1994.
 
 Before: SKOPIL, NORRIS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Beauford Dunn appeals the district court's denial of his motion to vacate, to set aside, or to correct his sentence pursuant to 28 U.S.C. Sec. 2255. Dunn was convicted and sentenced on May 31, 1990 for possession of methamphetamine with intent to distribute. [SER 9.]
 
 
 3
 * Dunn asserts that he received ineffective assistance of counsel at trial. Dunn's trial counsel was Steven Bauer.
 
 
 4
 * Dunn's trial commenced on December 11, 1989, and the jury returned a guilty verdict on December 18, 1989. [SER 80.] Prior to that time, on July 11, 1989, the State Bar Court of the State Bar of California had recommended that Bauer be suspended from the practice of law for two years and be placed on probation for an additional three years. [SER 27-28.] On March 21, 1990, the Supreme Court of California adopted the State Bar Court's recommendation and suspended Bauer. [SER 46.]
 
 
 5
 Dunn asserts that his right to counsel was violated because Bauer was undergoing suspension proceedings during the time of trial and did not inform the district court or Dunn of this fact. [Pro Se Brief at 6-7.] However, "[n]either suspension nor disbarment invites a per se rule that continued representation in an ongoing trial is constitutionally ineffective." United States v. Mouzin, 785 F.2d 682, 698 (9th Cir.1986). "[T]he fact that an attorney is suspended or disbarred does not, without more, rise to the level of constitutional significance of ineffective counsel under the Sixth Amendment. Rather, a defendant must ordinarily point to specific conduct which prejudiced him in order to raise the constitutional claim." Id. at 696-97. Accord United States v. Hoffman, 733 F.2d 596, 600-01 (9th Cir.1984).
 
 
 6
 Here, Bauer was not suspended from practice until several months after Dunn's trial was completed. The mere fact that suspension proceedings were underway does not amount to ineffectiveness of representation.
 
 B
 
 7
 Bauer's failure to inform Dunn of suspension proceedings also did not create a conflict of interest between Bauer and Dunn. To demonstrate ineffectiveness of counsel based upon a conflict of interest, Dunn must demonstrate that "an actual conflict of interest adversely affected [Bauer's] performance." Hoffman, 733 F.2d at 601 (quotation omitted). Because neither the Supreme Court of California nor the United States District Court for the Eastern District of California had suspended Bauer from the practice of law at the time of trial, as a matter of law Dunn was not denied his right to counsel because of a conflict of interest. Id. at 602; see also Mouzin, 785 F.2d at 699.
 
 C
 
 8
 On June 2, 1989, the federal prosecutor charged Bauer with willful failure to file federal tax returns in 1983, 1984, and 1985. [SER 72-74.] Bauer later pled guilty, and a judgment was entered against him on October 5, 1990. [SER 75.] The district court sentenced Bauer to three years of probation. [SER 76.]
 
 
 9
 Dunn asserts that this criminal proceeding created a conflict of interest between him and Bauer, leading Bauer to misrepresent him in a number of ways. Dunn, however, has produced no evidence indicating that Bauer deliberately misrepresented him in order to gain favor with the United States Attorney. Further, Dunn has never offered evidence regarding Bauer's asserted shortcomings or explained how the result of his trial would have been different had Bauer not made his alleged errors. Dunn's claim thus is "wholly speculative," Mouzin, 785 F.2d at 699, and fails to demonstrate an actual conflict.
 
 II
 
 10
 Dunn asserts that the prosecutor engaged in misconduct in closing argument. Dunn did not raise this argument in his direct appeal. He thus is barred from raising it here unless he can show cause excusing his default and actual prejudice because of the alleged misconduct. United States v. Spawr Optical Research, Inc., 864 F.2d 1467, 1471 (9th Cir.1988), cert. denied, 493 U.S. 809 (1989).[1] Dunn has made no effort to show cause.
 
 III
 
 11
 Dunn asserts that the district court gave an incorrect constructive possession instruction. Again, because Dunn failed to raise this issue on direct appeal, he must demonstrate cause and prejudice in order for the court to consider it in this collateral proceeding. United States v. Moore, 921 F.2d 207, 209-10 (9th Cir.1990). Dunn has made no such showing.
 
 IV
 
 12
 Dunn asserts that his due process rights were violated when the district judge permitted the court reporter to read two sentences from the trial transcript to the jury, at its request, during deliberations. Dunn failed to raise this frivolous claim in his direct appeal, and he has not demonstrated cause and prejudice permitting us to consider it now. See United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir.1985).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 Although the district court did not deny Dunn's Sec. 2255 motion because of Dunn's procedural default, this court may affirm the district court's decision on any basis supported by the record