30 F.3d 140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roberta L. DAVISON, Defendant-Appellant.
 No. 93-30210.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 1, 1994.*
Decided Aug. 4, 1994.
 
 Appeal from the United States District Court, for the Eastern District of Washington, D.C. No. CR-92-00211-WFN; Wm. Fremming Nielsen, District Judge, Presiding.
 E.D.Wash., 821 F.Supp. 1400.
 AFFIRMED.
 Before: ALARCON, BEEZER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roberta L. Davison appeals her jury conviction of witness tampering and solicitation to commit witness tampering, in violation of 18 U.S.C. Secs. 373 and 1512(b)(2)(A). She argues that the district court erred in allowing the government to question a witness about Davison's propensity for violence and preventing Davison from questioning the witness about the witness' own propensity for violence, that the district court improperly instructed the jury, and that there was insufficient evidence to sustain her conviction. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Davison argues that the district court erred in allowing the government to question its witness, Billie Jo Antelope, the victim of the crime, about her knowledge of the defendant's prior acts of violence. This argument lacks merit.
 
 
 4
 Fed.R.Evid. 404(b) prohibits the introduction of prior crimes, acts, or wrongs to prove that the accused acted in conformity with her character. United States v. Arambula-Ruiz, 987 F.2d 599, 602 (9th Cir.1993). However, evidence of prior conduct is admissible whenever relevant to an issue other than criminal propensity. United States v. Bowman, 720 F.2d 1103, 1105 (9th Cir.1983). We review the district court's admission of evidence under Fed.R.Civ.P. 404(b) for clear abuse of discretion. United States v. Miller, 874 F.2d 1255, 1268 (9th Cir.1989).
 
 
 5
 The district court did not abuse its discretion. The prior acts evidence was admitted on redirect examination after the defense had cross-examined Antelope. The defense examination attempted to show that the defendant and her stepsister Antelope had once been close friends and that Antelope had started the fight. The government's questioning on redirect attempted to demonstrate that the two women were never close and that Davison had attacked Antelope on prior occasions. With the exception of a single question directed more generally toward Davison's history of fighting, the examination was appropriate rebuttal of Davison's self-defense theory. Because Antelope testified that she had not, on prior occasions fought back, the evidence also tended to show that Davison could, through violence, plausibly intend to thwart Antelope from testifying truthfully before the grand jury, or that Davison intended to exact revenge for Antelope's having testified. See Bowman, 720 F.2d at 1104-05; United States v. Boise, 916 F.2d 497, 501-02 (9th Cir.1990), cert. denied, 500 U.S. 934 (1991) (evidence of prior abuse of victim relevant to show malice).
 
 
 6
 As to the question which may have strayed into the general area of character evidence,[1] we conclude that the error, if any, was harmless. We reverse for nonconstitutional errors in admitting evidence only if it is more probable than not that the erroneous admission of the evidence materially affected the jury's verdict. Arambula-Ruiz, 987 F.2d at 605. Here, there was ample evidence that Davison started the fight, including Davison's tape-recorded admission to a confidential informant. We cannot agree that Antelope's statement that she had seen Davison get into fights "a number of times" more probably than not materially affected the verdict.
 
 II
 
 7
 Davison argues that the district court erred in refusing to allow Davison to question Antelope about her own propensity for violence. This argument is wholly without merit.
 
 
 8
 The witness-tampering conduct in the instant case arose out of Antelope's testimony before the grand jury that she witnessed Davison's brother murder a man named Victor Pierre. On cross-examination, defense counsel asked Antelope to describe the homicide. The district court sustained the government's objection. The court stated that her eyewitness account of the murder was not relevant.
 
 
 9
 Davison argues here that the district court, by sustaining this objection, prevented her from inquiring into the victim's propensity for violence. This mischaracterizes the record. The district court did not prevent Davison from eliciting testimony about (1) whether Antelope had previously started fights, (2) whether Antelope had previously committed perjury before an Idaho grand jury, (3) whether Antelope had admitted to others that she, not Davison's brother, had murdered Pierre, and (4) whether Antelope was present when Pierre was murdered. The district court prohibited only the description of the murder scene.
 
 
 10
 We see no error in the district court's evidentiary ruling. The district court did not prohibit inquiry into the victim's propensity for violence. Nor did the court err in excluding irrelevant evidence of Pierre's murder.
 
 III
 
 11
 Davison argues that the district court erred in rejecting proposed jury instructions that defined the terms "solicit," "command," "induce," "persuade," and "endeavor." We review for abuse of discretion the district court's denial of a proposed jury instruction. United States v. Gomez-Osorio, 957 F.2d 636, 642 (9th Cir.1992).
 
 
 12
 Davison concedes that terms which are commonly understood require no definition. United States v. Casey, 191 F.2d 1, 4 (9th Cir.1951), rev'd on other grounds, 343 U.S. 808 (1952). No prejudice results from the district court's failure to define "concept[s] within the jury's ordinary experience." United States v. Moore, 921 F.2d 207, 210 (9th Cir.1990). The concepts at issue here are all within the jury's ordinary experience. There was no error in denying the requested instructions.
 
 IV
 
 13
 Davison argues there was insufficient evidence to support a conviction of witness tampering in violation of 18 U.S.C. Sec. 1512(b)(2)(A). We review the sufficiency of the evidence in the light most favorable to the government to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Skillman, 922 F.2d 1370, 1372 (9th Cir.1990), cert. dismissed, 112 S.Ct. 353 (1991).
 
 
 14
 In order to prove witness tampering, the government must prove the defendant knowingly used intimidation, physical force, or threats to cause or induce a witness in an official proceeding to withhold testimony. 18 U.S.C. Sec. 1512(b)(2)(A). Davison argues that even if the jury believed all of the testimony of government witnesses, it could not convict because Antelope testified that it was Davison's mother who was upset that Antelope had testified truthfully to the grand jury and because Davison did not physically assault Antelope until Antelope "got smart" with Davison.
 
 
 15
 Davison's argument splits hairs. The jury was presented with conflicting accounts of the altercation. Antelope's testimony permitted the inference that both Davison and her mother were involved in intimidating Antelope. It is unnecessary for words and physical blows to coincide with the precision Davison suggests. The record also contains evidence that Davison admitted beating Antelope for testifying and that soon after the altercation, Davison began arranging to kill Antelope to prevent her from testifying further. The evidence was sufficient to sustain conviction for witness tampering.
 
 V
 
 16
 For all of the above reasons, Davison's conviction is affirmed.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Government counsel asked Antelope if she had ever seen Davison get into a fight before and how many times