41 F.3d 1513
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Johnnie Lee JONES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-55099.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 10, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Johnnie Lee Jones, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion. Jones was convicted of possession of cocaine with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). He contends the district court erred by denying his claims that he should have received, and counsel was ineffective for failing to argue for, downward departures based upon: (1) past drug use; (2) aberrant behavior; (3) nonviolent first offender status; and (4) the downward departures given the Rodney King defendants. After accepting the district court's factual findings unless clearly erroneous and reviewing its conclusions of law de novo, Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 499 U.S. 940 (1991), we affirm.
 
 
 3
 The district court, after stating it was aware of permissible grounds for departure but that Jones had failed to meet any of them, denied Jones's motion. So long as the sentencing court was aware of its authority to depart downward where appropriate, the sentencing court's refusal to depart downward is not subject to review. United States v. Belden, 957 F.2d 671, 675 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992).
 
 
 4
 Given that there were no permissible grounds for departure met by Jones, the district court ruled that counsel was not ineffective for failing to argue for them. We agree and affirm the denial of Jones's ineffective assistance claim. See Strickland v. Washington, 466 U.S. 668, 697 (1984) (ineffective assistance claim fails if defendant not prejudiced by counsel's allegedly deficient representation).
 
 
 5
 On appeal, Jones alleges for the first time that the sentencing court violated 18 U.S.C. Sec. 3553(c) by failing to state its reasons for sentencing him to the particular point within the sentencing range. Because Jones failed to raise this issue in district court, we decline to address it on appeal. See United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990).
 
 
 6
 Finally, Jones contends that the district court abused its discretion when it denied his motion without granting an evidentiary hearing. Because "the motions and the files and records of the case conclusively show that [Jones] is entitled to no relief," no evidentiary hearing was required. See 28 U.S.C. Sec. 2255; see also Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994); United States v. Moore, 921 F.2d 207, 211 (9th Cir.1990).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3