70 F.3d 121
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel M. LONGORIA, Jr., Defendant-Appellant.
 No. 95-35320.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1995.*
Decided Nov. 9, 1995.
 
 Before: GOODWIN, PREGERSON, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daniel M. Longoria, Jr., a federal prisoner, appeals pro se the district court's denial of his second 28 U.S.C. Sec. 2255 motion. He contends the district court erred in denying him relief. We have jurisdiction pursuant to 28 U.S.C. Sec. 2255. We review de novo the denial of a section 2255 motion. United States v. Moore, 921 F.2d 207, 209 (9th Cir.1990). We affirm.
 
 
 3
 Longoria pleaded guilty to conspiring to distribute and distribution of cocaine. The district court sentenced him to 188 months in prison. Less than three weeks after filing his notice of appeal, Longoria signed a motion to dismiss his appeal. This court subsequently dismissed his appeal. Approximately fifteen months later, the district court, pursuant to the government's Rule 35 motion, reduced Longoria's sentence from 188 to 121 months in prison.
 
 
 4
 In his first section 2255 motion, Longoria contended that counsel coerced and induced him into signing the voluntary dismissal of his appeal. In an amended affidavit in support of his section 2255 motion, Longoria raised six sentencing issues which he alleged he would have raised on appeal had counsel not coerced him into abandoning his appeal. On June 10, 1993, the district court denied Longoria's first section 2255 motion, concluding that: (a) there "are no facts ... to support a finding that defense counsel induced or coerced Longoria, Jr. into waiving any appeal rights;" and (b) to the extent Longoria attacks his sentence, Longoria has failed to show any prejudice. Longoria never appealed the denial of his first section 2255 motion.
 
 
 5
 In his second section 2255 motion, Longoria again contends that counsel coerced him into abandoning his appeal and raises a myriad of sentencing claims. On March 15, 1995, the district court denied the second 2255 motion, after concluding that: Longoria's ineffective assistance claim was barred as successive; and his sentencing claims were meritless and barred due to his failure to raise them on appeal.
 
 
 6
 The district court properly denied Longoria's ineffective assistance claim as successive as it had previously been raised and rejected on its merits. See Sanders v. United States, 373 U.S. 1, 15 (1963).
 
 
 7
 Because Longoria has not shown that his failure to appeal was due to counsel's ineffectiveness, Longoria has not established cause for his failure to raise his sentencing claims on appeal. Consequently, the district court properly concluded that Longoria waived his sentencing claims when he voluntarily abandoned his appeal. See United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1994).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3