Christian Matthew ABERNATHY,
Petitioner/Appellant,

v.

Cal TERHUNE, Warden, et al.,
Respondents/Appellees.

No. 02–15812.
D.C. No. CV–98–0548 EJG.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2003.

Decided March 12, 2003.

**144**

Before SILVERMAN and GOULD, Circuit Judges and SEDWICK, Chief District Judge.*

### MEMORANDUM**

Christian Matthew Abernathy appeals the district court's denial of his petition for writ of habeas corpus. Abernathy was convicted of first degree murder, robbery, attempted robbery, and assault in California state court. He seeks federal habeas relief on the grounds that errors in the jury instructions deprived him of due process and his right to jury trial, and that under principles of Eighth Amendment law explained in *Tison v. Arizona,* 481 U.S. 137, 107 S.Ct. 1676, 95 L.Ed.2d 127 (1986), which have been incorporated into California law, there was insufficient evidence to support his conviction. Habeas relief is not available unless the underlying state court decision was contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court. *Early v. Packer,* — U.S. ——, 123 S.Ct. 362, 366, 154 L.Ed.2d 263 (2002). We review *de novo* the decision to grant or deny a 28 U.S.C. § 2254 habeas petition. *See Benn v. Lambert,* 283 F.3d 1040, 1051 (9th Cir.2002). Findings of fact made by the district court are

reviewed for clear error. *Killian v. Poole,* 282 F.3d 1204, 1207 (9th Cir.2002). State court findings of fact are presumed to be correct unless petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Zichko v. Idaho,* 247 F.3d 1015, 1019 (9th Cir.2001). Alleged errors in state court jury instructions do not provide a basis for federal habeas relief unless the instructions infect the entire trial to such an extent that due process has been denied. *Estelle v. McGuire,* 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). We have jurisdiction pursuant to 28 U.S.C. § 2253.

■ Abernathy claims that an essential element of the felony-murder crime—foreseeability—was erroneously omitted from the trial court's jury instructions. An aider and abetter's derivative liability is established when "the perpetrator's criminal act ... was the probable and natural, the natural and reasonable, or the reasonably foreseeable consequence of a criminal act encouraged or facilitated by the aider and abettor." *People v. Brigham,* 216 Cal. App.3d 1039, 265 Cal.Rptr. 486, 493 (1989) (citations omitted). However, where, as here, a felony-murder charge is based upon aider and abetter liability, "foreseeability" is not an essential element of the offense. *People v. Anderson,* 233 Cal. App.3d 1646, 285 Cal.Rptr. 523, 531 (1991). The California Supreme Court, in *People v. Dillon,* 34 Cal.3d 441, 194 Cal.Rptr. 390, 668 P.2d 697 (1983), explained that felony-murder encompasses a wide range of individual culpability—from premeditated murder to reckless, negligent, or unintended homicides. *Id.* at 719. Furthermore, the court stated that the rule "condemns alike consequences that are highly proba-

---

* The Honorable John W. Sedwick, Chief United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ble, conceivably possible, or **wholly unforeseeable.**" *Id.* (emphasis added). In accordance with CALJIC 8.27, the jury was instructed that to be guilty of felony murder, Abernathy must have had knowledge of the perpetrator's unlawful purpose, and the intent to aid, promote, encourage or instigate the commission of the robbery. In the instant case, the trial court's felony-murder and aiding and abetting jury instructions comported with state law and did not violate Abernathy's federal due process or jury trial rights.

◼ Abernathy claims that to provide the jury with sufficient guidance, it was necessary for the trial court to define "major participant" in the special circumstance jury instruction. *See* CALJIC 8.80.1 (incorporating Cal.Penal Code § 190.2(d)). Abernathy argues that the failure to define "major participant" created an ambiguity resulting in a violation of his federal due process and jury trial rights. We agree with the California courts that an appropriate basis for a jury instruction is ordinarily the "language of a statute defining a crime or defense." *People v. Estrada,* 11 Cal.4th 568, 46 Cal.Rptr.2d 586, 904 P.2d 1197, 1200 (1995). Whether a term within a statute needs to be further defined turns on whether it expresses a concept within a jury's ordinary experience. *United States v. Moore,* 921 F.2d 207, 210 (9th Cir.1990). Just as we held that "violence" was a concept within the ordinary experience of the jury in *Moore,* we hold here that the term "major participant" is a term within the ordinary experience of the jury. Abernathy contends there was insufficient evidence to support the finding that he was a major participant who acted with "reckless indifference to human life" as required for imposition of either a death sentence or a sentence of life without possibility of parole. Cal.Penal Code § 190.2(d), adopted the "major partici-

pant" and "reckless indifference to human life" concepts from the Supreme Court's decision in *Tison v. Arizona,* 481 U.S. 137, 107 S.Ct. 1676, 95 L.Ed.2d 127 (1987). The Court required that a mental state of reckless indifference to human life was necessary to avoid Eighth Amendment infirmity in the imposition of a death sentence on a major participant in a felony which resulted in murder. Sufficient evidence to support a conviction exists if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

◼ Abernathy urges that the constitutional principles articulated in *Tison* require that he must have subjectively intended to create the situation which put human life at risk. According to Abernathy, the evidence does not support the required finding. We disagree. Viewing the record most favorably to the prosecution, Abernathy approached the vehicle in which Brown was murdered with a gun in his hand—the very gun actually used to murder Brown—and made a demand for money from the occupants of the car. We conclude that these and the other circumstances in evidence were sufficient to support the conclusion that Abernathy acted with reckless indifference to human life.

**AFFIRMED.**