**John M. RAY, Petitioner–Appellant,**

v.

**Roseanne CAMPBELL, Warden; et al., Respondents–Appellees.**

No. 06–15055.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2006.*

Filed Oct. 23, 2006.

John M. Ray, Avenal, CA, pro se.

Juliet B. Haley, Esq., AGCA–Office of the California Attorney General, San Francisco, CA, for Respondents–Appellees.

Before: LEAVY, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM **

California state prisoner John M. Ray appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition on the merits. We have jurisdiction pursuant to 28 U.S.C. § 2253(a), and we affirm.

Ray contends that trial counsel was ineffective by (1) failing to present a mental state defense; (2) failing to arrange for an examination of Ray by a mental health professional; and (3) failing to call certain witnesses at trial. We conclude that the state court's decision in this case was neither contrary to nor an unreasonable application of clearly established federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d); *Strickland v. Washington,* 466 U.S. 668, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Ray has failed to rebut the presumption that counsel's stra-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

tegic decisions fall "within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052; *see also Turk v. White,* 116 F.3d 1264, 1267 (9th Cir.1997) ("once counsel reasonably elects to pursue one defense theory, the need for further investigation [of the other theory] may be considerably diminished or eliminated altogether") (internal quotation omitted); *Wilson v. Henry,* 185 F.3d 986, 990 (9th Cir.1999) (concluding that "[a] decision not to pursue testimony by a psychiatric expert, when no mental state defense seems likely, is not unreasonable under *Strickland* ").

Ray further contends that his appellate counsel was ineffective in failing to raise an ineffective assistance of counsel claim on direct appeal. Because we conclude that Ray is not entitled to relief on his ineffective assistance of trial counsel claim, we thus conclude that there was no prejudice. *See United States v. Moore,* 921 F.2d 207, 210–11 (9th Cir.1990) (concluding there is no prejudice where counsel fails to raise a meritless claim).

We grant Ray's motion to file a late reply brief. The Clerk is instructed to file the reply brief received on June 30, 2006.

**AFFIRMED.**