**Jerry Vernon KING, Petitioner—Appellant,**

v.

**Mike KNOWLES, Respondent—Appellee.**

No. 07–16813.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 2009.

Filed March 20, 2009.

**538**

Victor Stephen Haltom, Law Office of Victor S. Haltom, Sacramento, CA, for Petitioner–Appellant.

Justain Riley, Brian George Smiley, Esquire, Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: WALLACE, THOMAS and BYBEE, Circuit Judges.

## MEMORANDUM *

Jerry King appeals from the district court's denial of his application for a writ of habeas corpus under 28 U.S.C. § 2254. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

### I

King's Eighth Amendment claims are foreclosed by *Taylor v. Lewis,* 460 F.3d 1093 (9th Cir.2006) and *Gonzalez v. Duncan,* 551 F.3d 875 (9th Cir.2008). In *Taylor,* we held that the state court did not contradict or unreasonably apply clearly established U.S. Supreme Court law by denying habeas relief to a petitioner who was sentenced to 25 years to life for possessing 0.036 grams of cocaine, after amassing a lengthy criminal record that included voluntary manslaughter, robbery, and property offenses such as burglary and vehicle theft. *Taylor,* 460 F.3d at 1095, 1100–01. We noted that the State of California "was entitled to the view that 'possession, use, and distribution of illegal drugs represent one of the greatest problems affecting the health and welfare of our population.'" *Id.* at 1099 (quoting *Harmelin v. Michigan,* 501 U.S. 957, 1002, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring) (emphasis omitted)).

█ Because *Taylor* allows states to treat drug possession offenses as serious offenses, and because King's prior convictions involved serious violent offenses, we conclude that King does not raise an inference of gross disproportionality. *See id.* Therefore, we need not address King's arguments concerning comparative intrajurisdictional and interjurisdictional analyses. *Cf. Ramirez v. Castro,* 365 F.3d 755, 770–72 (9th Cir.2004).

At oral argument, counsel characterized the triggering offense as a "technical violation." Even assuming the accuracy of that description, *Gonzalez* forecloses habeas relief. 551 F.3d at 889–90.

### II

King likewise fails to show that he is entitled to relief on his ineffective assistance of counsel claims. The state court correctly identified the controlling federal law as the two-pronged test set forth in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (requiring a defendant claiming ineffective assistance of counsel to show: (1) deficient performance; and (2) resulting prejudice).

█ The district court correctly concluded that King failed to show prejudice from his counsel's failure to introduce evidence that another person owned the

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

methamphetamine. The statute criminalizes possession, not ownership, and substantial evidence showed that King possessed methamphetamine on the evening of his arrest. He admitted that a shaving kit belonging to him contained methamphetamine, and that he had used the drug earlier in the evening.

■ Defense counsel admitted that he should have sought an instruction on temporary possession of a firearm. However, there was no prejudice from counsel's failure to do so within the meaning of *Strickland*. The model California instruction requires that the defendant possessed the property for only a momentary or transitory period in order to abandon, dispose of or destroy the property without the intent of preventing law enforcement officials from seizing the property. *People v. Hurtado*, 47 Cal.App.4th 805, 54 Cal.Rptr.2d 853, 856 (Cal.Ct.App.1996) (citing Cal. Jury Instructions No. 12.06 (5th ed.)). There was no evidence in the record that the defendant possessed the firearm "in order to abandon, dispose of or destroy" it. To the contrary, the defendant moved the firearm from the cupboard, wrapped it in a bandana, and stowed it under a mattress.

In addition, the California state courts are divided on the question on whether such an instruction should be given in a case involving a felon in possession of a firearm. *Compare People v. Pepper*, 41 Cal.App.4th 1029, 48 Cal.Rptr.2d 877, 881–82 (Cal.Ct.App.1996) ("Balancing the competing evils, nothing is gained by permitting a convicted felon to possess a gun in order to prevent its unlawful possession by another, since the Legislature necessarily has found that the threat to public safety is the same under either circumstance."), *with Hurtado*, 54 Cal.Rptr.2d at 855–58 (noting that the law is not settled, rejecting *Pepper*, and holding that the " 'momentary possession' defense ... extends to

possession of a firearm by a felon offenses"). The controlling authority in the division in which this case was tried would not have permitted the instruction.

■ Finally, King claims that Mr. Clymo provided ineffective assistance at the appellate level by continuing to represent King on appeal, despite Mr. Clymo's ineffective assistance at the trial level and the conflict of interest created by Mr. Clymo's interest in not raising such a claim against himself on appeal. However, because King fails to show ineffective assistance of counsel by Mr. Clymo at the trial level, his related appellate claim fails as well. *United States v. Moore*, 921 F.2d 207, 210–11 (9th Cir.1990).

**AFFIRMED.**