**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIMOTHY WAYNE PERRY, JR., | No. 11-17273 |
| Petitioner - Appellant, | D.C. No. 2:10-cv-00875-JKS |
| v. | |
| FREDERICK B. HAWS, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
James K. Singleton, Senior District Judge, Presiding

Argued and Submitted March 10, 2014
San Francisco, California

Before: WALLACE, McKEOWN, and GOULD, Circuit Judges.

State prisoner Timothy Wayne Perry, Jr. appeals from the district court's

denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. §

2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), and we

affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Perry contends that the presence of an allegedly biased juror on his jury violated his Sixth Amendment right to a fair trial. The only argument presented by Perry is that the juror in question had an "implied bias" against him. We review the denial of habeas relief de novo. *Murdaugh v. Ryan*, 724 F.3d 1104, 1113 (9th Cir. 2013). In a case that was not governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), we held that claims involving a juror's "implied bias" are reviewed de novo, "because implied bias is a mixed question of law and fact." *Fields v. Brown*, 503 F.3d 755, 763, 770 (9th Cir. 2007) (en banc) (citation omitted).

Under *Fields*, Perry's implied bias argument must be rejected, whether we review under AEDPA's "high standard of deference," *DeWeaver v. Runnels*, 556 F.3d 995, 997 (9th Cir. 2009), or de novo. As to the first, "[n]one of Perry's grounds concerning [the juror in question] were addressed on the merits by any California court." Nonetheless, it is to be "presumed that the state court adjudicated the claim on the merits." *Harrington v. Richter*, 131 S. Ct. 770, 784–85 (2011); *see also Amado v. Gonzalez*, 734 F.3d 936, 944–45 (9th Cir. 2013). Under AEDPA, a state court decision "can only be reversed if it was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Vlasak v. Superior*

2

*Court of Cal.*, 329 F.3d 683, 687 (9th Cir. 2003) (internal quotation marks and citations omitted). However, if "no Supreme Court precedent creates clearly established federal law relating to the legal issue the habeas petitioner raised in state court, the state court's decision cannot be contrary to or an unreasonable application of clearly established federal law." *Brewer v. Hall*, 378 F.3d 952, 955 (9th Cir. 2004). As we explained in *Fields*, "the Supreme Court has not explicitly adopted (or rejected) the doctrine of implied bias." *Fields*, 503 F.3d at 768; *see also id.* at 771 (stating that "the Supreme Court has never held that a juror was impliedly biased in the absence of juror dishonesty"). Thus, there is no Supreme Court precedent that creates "clearly established federal law" relating to the issue of implied bias in this context. Instead, *Fields* relied on prior *Ninth Circuit* precedents in its discussion of implied bias. *Id.* at 768–70. Thus, because there is no Supreme Court precedent creating clearly established law relating to this issue, the state court's presumptive rejection of Perry's claim cannot have been "contrary to or an unreasonable application of clearly established federal law." *Brewer*, 378 F.3d at 955.

Perry's claim would likewise be rejected under de novo review. As we explained in *Fields*, bias is only to be "implied" to a juror on "rare occasions" when "exceptional" circumstances exist. *Id.* at 766, 768, 770; *see also id.* at 772

3

(stating that "it is well accepted that bias may be presumed only in 'extreme' or 'extraordinary' cases"). As we also explained in *Fields*, when the issue of juror bias arises "on collateral review of a conviction in state court," the "critical factor" to be considered is "dishonesty in voir dire." *Id.* at 772–73. Here, Perry does not contend that the juror in question was dishonest during voir dire.

Thus, under *Fields*, Perry's claim of implied bias can only succeed if it falls within the ambit of cases in which we would imply bias despite the juror's honesty during voir dire. In *Fields*, we explained a previous case in which we implied bias in such circumstances–*United States v. Allsup*, 566 F.2d 68 (9th Cir. 1977)–by stating that the "implied bias that we found in *Allsup* was based on the jurors' direct relationship with the victim [of the crimes at issue in the case] and their own vulnerability to the same type of conduct for which [the defendants] were on trial." *Fields*, 503 F.3d at 773 (discussing *Allsup*, 566 F.2d at 71–72). However, Perry does not contend that the juror at issue had a "direct relationship with the victim" of his crimes, nor that the juror was vulnerable to the same type of conduct for which Perry was on trial. Nor do Perry's other allegations support a finding of "exceptional circumstances" in this case.

Perry also contends that he received ineffective assistance of both trial and appellate counsel, due to their failure to challenge the seating of the juror in

question. The district court concluded that Perry's trial counsel made a "strategic decision" not to object to the juror, a conclusion with which we agree. *See, e.g., LaGrand v. Stewart*, 133 F.3d 1253, 1275 (9th Cir. 1998) (holding that counsel's "reasonable strategic decision[s]" do not "constitute ineffective assistance"). Accordingly, there was also no ineffective assistance of appellate counsel. *See, e.g.*, *United States v. Moore*, 921 F.2d 207, 210–11 (9th Cir. 1990).

**AFFIRMED.**