**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KEITH MITCHELL INGRAM,

Petitioner - Appellant,

v.

JEFF PREMO, Superintendent, Oregon
State Penitentiary,

Respondent - Appellee.

No. 12-35925

D.C. No. 6:10-cv-00736-TC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Argued and Submitted May 14, 2014
Portland, Oregon

Before: ALARCÓN, TASHIMA, and IKUTA, Circuit Judges.

Oregon state prisoner Keith Ingram appeals the district court's denial of his

petition for writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction

under 28 U.S.C. § 2253 and affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Ingram challenges his conviction for first-degree kidnapping. He contends his trial counsel was ineffective for failing to move for a judgment of acquittal. He asserts that the evidence introduced at trial did not prove beyond a reasonable doubt that he had the intent to interfere substantially with the alleged victim's personal liberty. Had his counsel moved for acquittal, he argues, there was a reasonable probability that the motion would have been granted.

## I

As a preliminary matter we address Appellee's assertion that Ingram's claim is procedurally defaulted. Oregon law requires prisoners seeking collateral relief to state any grounds for relief in a postconviction petition. Or. Rev. Stat. § 138.550(3). Ingram did not raise the ineffective-assistance claim at issue here in his petition for postconviction relief. Nevertheless, the Oregon postconviction trial court denied Ingram's claim on the merits. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court summarily denied review. Because the last reasoned state-court decision considered Ingram's claim on the merits, there is no bar to federal-court review. *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991).

//

## II

The Oregon postconviction trial court determined it was "highly unlikely" that a judge would have granted a motion for judgment of acquittal in light of the evidence against Ingram. Accordingly, the Oregon court, applying *Strickland v. Washington*, 466 U.S. 668 (1984), determined that Ingram's trial counsel was not ineffective for failing to move for a judgment of acquittal.

Under the Antiterrorism and Effective Death Penalty Act of 1996, we must defer to the Oregon postconviction trial court's decision unless it was contrary to, or unreasonably applied, clearly established Supreme Court precedent, or was based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d). That court's determination that a motion for judgment of acquittal was unlikely to be granted is reasonable in light of the evidence. The trial testimony shows that Ingram took the victim to a lookout, told her he was looking for a place to bury her, drove from the lookout to his house after she said she wanted to go home, chased her after she tried to flee his car, dragged her by the hair, threw her down on the ground, and kicked her. This evidence was sufficient under Oregon law to demonstrate that Ingram intended to interfere substantially with his victim's personal liberty. The Oregon court's decision also reflects a reasonable application of *Strickland*. An attorney is not ineffective for failing to

make a motion that lacks a reasonable probability of being granted. *See United States v. Moore*, 921 F.2d 207, 210 (9th Cir. 1990) ("[T]he lawyer's failure to move for a directed verdict did not prejudice [the appellant] because it would have been meritless.").

AFFIRMED.

4